Mary Sue Massey BUSBY, Appellee,

v.

James P. MASSEY, Administrator of the Estate of Roy Stephen Massey, Deceased, Appellant.

Supreme Court of Tennessee, at Jackson.

Dec. 26, 1984.

Rehearing Denied Feb. 11, 1985.

G. Michael Acree, Tipton, Tipton & Acree, Covington, for appellant.

Leo Bearman, Sr., Jerry O. Potter and Robert Mark Field, Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, for amici curiae.

James W. Hodges, Hodges, Richbourg & Yurchik, Memphis, for appellee.

OPINION

LLOYD TATUM, Special Justice.

This is a wrongful death suit brought by James P. Massey, administrator of the estate of the deceased father of minor beneficiaries. The administrator obtained court approval for a consent decree representing a structured settlement of $580,000.00. The mother of the minor children, Mary Sue Massey Busby, filed a motion to intervene in the wrongful death action initiated by the administrator, have the consent judgment vacated and herself substituted in the place of the administrator to prosecute the suit on behalf of the minors. The Court of Appeals vacated the order approving the consent judgment and remanded the case to the trial court with directions that Mrs. Busby be heard on the question of whether the proposed settlement is to

the best interest of the minor beneficiaries. We affirm the judgment of the Court of Appeals.

On July 3, 1981, Roy Stephen Massey died from injuries sustained in an automobile accident. At the time of his death, Roy Stephen Massey was divorced from Ms. Busby and had legal custody of his two minor children. On September 22, 1981, the appellant administrator filed the wrongful death suit in the Circuit Court of Tipton County on behalf of the two minor children against Pat Winters and A.C. Electric Company. Two days after this suit was filed, the appellee, Ms. Busby, was awarded custody of the children by the Chancery Court of Tipton County. On March 18, 1982, the administrator filed a petition in the Circuit Court of Tipton County, requesting the court to approve a compromise settlement of the wrongful death action and to appoint an attorney (guardian?) ad litem for the minor children. An "attorney ad litem" was appointed on March 19, 1982, and on the same day the answer of the attorney ad litem was filed and a consent judgment in settlement of the wrongful death action was approved and entered in the trial court. By letter of February 3, 1982, Ms. Busby's attorney, James W. Hodges, advised the administrator's attorney Mr. G. Michael Acree, that Ms. Busby was filing a wrongful death suit in Shelby County and requested that the administrator "withdraw from the case." By letter of February 4, 1982, the attorney for the administrator informed the attorney for the appellee that negotiations for a settlement were in progress.

On May 17, 1982, the appellee, Ms. Busby, filed a motion stating that she was the mother of the minor children, that she was awarded legal custody of the children by the Chancery Court on September 24, 1981, and that she was appointed guardian for the children by the Shelby County Probate Court on March 26, 1982. She alleged that she was the "proper party plaintiff to bring this wrongful death action on behalf of her children as their legal custodian and guardian," on the theory that the children's rights were superior to the rights of the

administrator. She prayed for permission to intervene, to set aside the consent judgment that had been approved by the trial court and to be substituted as the proper party plaintiff in the wrongful death action. The trial judge entered judgment denying the relief sought.

The Court of Appeals held that the right of the children to sue or settle the action is superior to that of the administrator and that the right of the appellee "to guardianship of the children ... is superior to that of the guardian ad litem." The Court of Appeals reversed the judgment of the trial court overruling the motion to intervene, vacated the judgment of the trial court approving the settlement and remanded for further proceedings consistent with its opinion.

We first consider the question of whether the administrator had legal authority to commence and maintain this wrongful death case to its conclusion.

It is well recognized that wrongful death actions did not exist at common law; any cause of action that a claimant had was abated by his death. The Tennessee survival statute is T.C.A. § 20–5–106:

> "20–5–106. Injury resulting in death—Succession to cause of action.—(a) The right of action which a person, who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by his death but shall pass to his surviving spouse and, in case there is no surviving spouse, to his children or his next of kin; or to his personal representative, for the benefit of his surviving spouse or next of kin; or to his natural parents or parent or next of kin if at the time of death decedent was in the custody of the natural parents or parent and had not been legally surrendered by them, otherwise to his legally adoptive parents or parent, or to the administrator for the use and benefit of the said adoptive parents or

parent; the funds recovered in either case to be free from the claims of creditors.

(b) For purposes of this section, the word 'person' shall include a fetus which was viable at the time of injury. A fetus shall be considered viable if it had achieved a stage of development where in (sic) it could reasonably be expected to be capable of living outside the uterus. (citations omitted)."

There is no issue in this litigation regarding the identity of the beneficiaries. The deceased was survived by no widow and his next of kin were the two minor children for whose benefit this action was originally brought by the administrator.

The appellee insists that the Tennessee Wrongful Death Statute should be interpreted to mean that those first in enumeration have prior and superior rights to bring wrongful death actions to those listed after them. She cites *Chapman v. King,* 572 S.W.2d 925 (Tenn.1978); *Cummins v. Woody,* 177 Tenn. 636, 152 S.W.2d 246 (1941); *Spitzer v. Knoxville Iron Company,* 133 Tenn. 217, 180 S.W. 163 (Tenn. 1915); *Koontz v. Fleming,* 17 Tenn.App. 1, 65 S.W.2d 821 (1933). These cases support the proposition that a widow or next of kin, not hampered by the disability of minority, has superior right to maintain a wrongful death action for his or her own benefit over an administrator of the estate of the deceased. The cases recognize that the adult beneficiary may waive his or her right to maintain the action by permitting the administrator's suit to stand without objection. *Koontz v. Fleming, supra* 65 S.W.2d at 824.

However, in the instant case, the next of kin are minors. They cannot sue in their own names but must sue by another. T.C.A. § 20–5–107 provides:

"20–5–107. Prosecution of action by representative or surviving spouse or next of kin.—*The action may be instituted by the personal representative of the deceased* or by the surviving spouse in her own name, or, if there be no surviving spouse, by the children of the

deceased or by the next of kin; also without the consent of the personal representative, either may use his name in bringing and prosecuting the suit, on giving bond and security for costs, or in the form prescribed for paupers. The personal representative shall not, in such case, be responsible for costs, unless he sign his own individual name to the prosecution bond. (citations omitted)." (Emphasis supplied)

In construing the wrongful death statutes, we must look to the legislative intent, which controls the construction of all statutes. We must construe the statutes as a whole and assume that the legislature used each word purposely and that they conveyed some intent and had a meaning and a purpose. *Tidwell v. Servomation—Willoughby Company,* 483 S.W.2d 98 (Tenn.1972). T.C.A. § 20–5–107 specifically authorizes personal representatives to institute wrongful death actions for a surviving spouse or next of kin. This is the only way provided by the wrongful death statute itself for persons under disability to sue. The statute further provides that wrongful death actions may be maintained by the beneficiaries in their own name. We reaffirm the holdings in the above-cited cases that an adult beneficiary has priority over an administrator in prosecuting his/her own suit. We also recognize that a court-appointed general guardian or next friend may sue for minors as provided in Rule 17.03, Tennessee Rules of Civil Procedure, since a minor cannot maintain a suit in his own name. We do not agree that a general guardian or next friend necessarily has priority over an administrator in the prosecution of wrongful death actions on behalf of persons under disability. The minor is the real plaintiff, not the fiduciary in whose name he sues.

Absent a showing of bad faith, fraud, or other good cause, we do not think that the legislature intended that a suit commenced in good faith by the personal representative must be subordinated to that of a guardian or next friend. Logic does not permit any other construction. Since the

cause of action is that of the decedent, the right to institute the action accrues at the time of injury and the minority of the beneficiaries will not toll the one year limitation period. *Jones v. Black*, 539 S.W.2d 123 (Tenn.1976); *Whaley v. Catlett*, 103 Tenn. 347, 53 S.W. 131 (1899). Minors cannot act for themselves in contracting with counsel and otherwise making provisions to institute the wrongful death action. They must depend on someone to act for them. If the personal representative and attorneys employed by him were required to step aside at the whim of a guardian or next friend, then the administrator could never employ counsel to investigate, file and prosecute the suit on behalf of the minor. The administrator has a duty to protect the interest of minors in these cases. He cannot fulfill this duty if he is required to wait until the last day before suit is barred by the statute of limitations before he can contract with an attorney and otherwise act in the filing and prosecution of a suit.

In the present case, there is no allegation that the administrator was not concerned with the best interest of the minor children and acting diligently and in good faith on their behalf. The appellee makes conclusory allegations in her motion to intervene that the proposed settlement was inadequate, the attorney's fees were excessive, and similar charges. She alleges disagreement with the administrator concerning the fairness of the settlement but she does not charge him with negligence, bad faith or misconduct. She alleges nothing that would require the substitution of herself for the administrator in the prosecution of the children's claim.

■ There is much discussion in the briefs concerning who has the authority to actually settle or compromise a claim for a minor. The wrongful death statutes provide that wrongful death suits may be prosecuted by the personal representative of the estate of the person wrongfully killed, but the statutes are silent as to the procedure for settling or compromising wrongful death claims when the beneficiaries are minors. We think that it is clear

that T.C.A. § 34–3–113 is applicable to wrongful death suits. The personal representative, when suing on behalf of infants, has the same responsibility and duties as those conferred upon the parent, guardian or next friend of such infants. T.C.A. § 34–3–113(a) provides:

"34–3–113. Compromise of claims.— (a) In any action or suit wherein an infant or insane person is a party, the court in which the same is pending shall have the power to approve and confirm a compromise of the matters in controversy on behalf of such infant or insane person, if such compromise shall be deemed to be to the best interest of such infant or insane person, and any order or decree approving and confirming any such compromise shall be binding upon such infant or insane person. Such order may be entered either in term time or in vacation, without the necessity of a jury verdict or approval."

The above statute places the responsibility and burden upon the court to act for the minor. As stated in *Rafferty v. Rainey*, 292 F.Supp. 152 (E.D.Tenn.1968), the trial court is not bound by desires, interests or recommendations of attorneys, parents, guardians or others.

■ However, we construe T.C.A. § 34–3–113 to require that notice be given to parents and guardians of infants when a proposal for a compromise or settlement is submitted to the court for approval. T.C.A. § 34–3–113(b) provides:

"(b)(1) In any case of personal injury to an infant or insane person caused by the alleged wrongful act, neglect or default of any person, firm or corporation, when death does not ensue, *or in case of any other claim by an infant* or insane person, against any person, firm or corporation, the parent, guardian or next friend for such infant, or the committee or next friend of such insane person, with the approval of any circuit judge or chancellor, may compromise any such claim for such damages. Such approval may be applied for by the parent, guardian or next friend of such infant or the

committee, or next friend of such insane person, or by the person, firm or corporation who caused the injury, *or by joint petition of the parties,* on petition to such circuit judge or chancellor, in term time or vacation, stating the proposed compromise, the terms thereof, and the reasons therefor.

(2) A copy of such petition shall be served upon the defendant or defendants, where they have not joined in the petition filed. *In case such petition is filed by the person who caused the injury, the judge or chancellor shall appoint a guardian ad litem for such infant or insane person, and shall cause the parents or guardian of such infant, if such there be, within the jurisdiction of the court,* or the committee of such insane person, if such there be, *to be made parties to the proceedings.* The proceedings on any such petition may be heard either in term time or in vacation, and there shall be no necessity for a jury verdict or approval, and no party to the proceedings shall be required to demand a jury. The circuit judge or chancellor shall approve such compromise, if it shall be deemed to be to the best interest of such infant or insane person. The order or decree approving and confirming any such compromise shall be binding upon such infant or insane person." (Emphasis supplied)

Actually, the petition seeking approval of a settlement was filed in this case only by the administrator. The defendants did not join in the petition and a copy was not served on them. The consent judgment does not recite that the defendants, Pat Winters and A.C. Electric Company made voluntary appearances, though the judgment states that their insurance carrier appeared by agent and the agent approved the entry of the judgment. T.C.A. § 34-3-113(b) requires that defendants join in the petition or that a copy be served on them so they will be bound by any judgment approving a settlement.

If the defendants and their insurance carrier were in accord with the consent judgment, it was appropriate for them to join in the petition. If they had agreed to the settlement, it was to their interest to have it approved by the court so as to make it binding upon the minors. We hold that regardless of the procedure employed in making the defendants a party to the petition—i.e., whether they join in the petition or a copy is served on them—the petition was "filed by the person who caused the injury" within the meaning of T.C.A. § 34-3-113(b)(2) and that a copy of the petition for court approval should have been served on the appellee as parent and guardian. We must look to substance and not to form.

Since the appellee was not served with a copy of the petition, the judgment thereon is not binding on her or the minors. On remand, the appellee may be heard on the question of whether the proposed settlement will serve the best interest of the minors. The trial court will also hear the administrator and the guardian ad litem.

The judgment of the trial court approving the consent judgment is vacated and the case is remanded to the trial court for a new hearing on the petition for approval of the settlement. Costs accrued in the Court of Appeals and in this court are adjudged against Mary Sue Massey Busby, as guardian.

COOPER, C.J., and HARBISON, BROCK and DROWOTA, JJ., concur.

## ON PETITION TO REHEAR

### LLOYD TATUM, Special Justice.

The appellee, Mrs. Busby, has filed a petition to rehear asking us to consider the following questions:

1. Can the trial court approve a compromise settlement pursuant to TCA Section 34-3-113 which is not agreed to by all parties to the action?

2. Has the administrator been guilty of bad faith and neglect in proposing approval of the settlement agreement?

3. Does the policy, announced in the Court's previous opinion, create a "race

to the courthouse" detrimental to the best interest of minor beneficiaries of the wrongful death statute?

She argues that since we held that she was a necessary party to a proceeding to compromise the litigation, the matter cannot be compromised without her consent. She asks us to carefully read T.C.A. § 34-3-113(b), stating that it supports her contention. We have complied with her request but find nothing indicating that a parent or guardian may prevent the compromise of a minor's claim without good cause. We adhere to our original holding that the approval of a compromise between a minor plaintiff and a defendant is the responsibility of the trial judge. Mrs. Busby, as parent and guardian will have the opportunity to be heard by the trial court on the question of what will serve the best interest of the minor plaintiffs. The trial court will then resolve the disagreement. The question is not left to the whim of the parent, guardian or any other party involved.

The question of whether the administrator is guilty of bad faith and neglect in proposing approval of the settlement is a question of fact for determination by the trial court in deciding whether the proposed settlement will serve the best interest of the minors. This is not a matter for original determination by the Supreme Court.

Finally, the appellee questions whether a "race to the courthouse" will be detrimental to minors in wrongful death actions. The main opinion states our understanding of the law. We do not see and are not told how a "race to the courthouse" can be detrimental to minor plaintiffs. We see no danger in vigilance on the part of those acting for minors. We are more concerned with creating circumstances that will result in minor beneficiaries' claims being barred by the statute of limitations.

We considered all of the questions asked in the petition to rehear before filing our main opinion. We adhere to the holding of the main opinion and respectfully overrule the petition to rehear.

COOPER, C.J., and HARBISON, BROCK and DROWOTA, JJ., concur.