Katheryn MATTHEWS, Appellant,

v.

Joseph L. MITCHELL and the Memphis Area Transit Authority, Appellees,

and

Mary Wilbert CUMMINGS and Willie C. Matthews, Appellants,

v.

Joseph L. MITCHELL and the Memphis Area Transit Authority, Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

Aug. 21, 1985.

Application for Permission to Appeal Denied Dec. 30, 1985.

David E. Gordon, Memphis, for appellants.

William P. Efird, Memphis, for appellees.

CRAWFORD, Judge.

This appeal involves two wrongful death cases seeking damages resulting from the death of the same person. In an attempt to explain the situation with some clarity, we will refer to them in the order of their filing, as Suit 1 and Suit 2. Suit 1 is an appeal from an order of the trial court granting defendants a summary judgment. Suit 2 is an appeal from the order of the trial court denying plaintiffs' Tenn.R.Civ.P. 60.02 motion to set aside a summary judgment for the defendants.

On December 8, 1979, the decedent, J.C. Matthews, was injured when the vehicle he was driving collided with a Memphis Area Transit Authority bus driven by Joseph L. Mitchell. The injuries allegedly resulted in Matthews' death approximately a month later.

Both suits name Joseph L. Mitchell and Memphis Area Transit Authority as defendants. Suit 1 was filed December 8, 1980, by plaintiff "KATHERYN MATTHEWS, Widow and Next of Kin of J.C. MATTHEWS, for the use and benefit of herself as well as for the use and benefit of the other beneficiaries of J.C. MATTHEWS." Suit 2 was filed December 30, 1980, by plaintiff "MARY WILBERT CUMMINGS, Widow and Next of Kin of J.C. MATTHEWS, for the use and benefit of herself as well as for the use and benefit of the other beneficiaries and survivors of J.C. MATTHEWS, known and unknown, and WILLIE C. MATTHEWS, his son."

Defendants were represented by the same counsel in both cases and on June 3, 1981, identical motions for summary judgment were filed in each case averring:

I.

There is no genuine issue as to any material fact bearing upon liability, and the Defendants are entitled to a judgment as a matter of law.

## II.

There is not [sic] genuine issue as to any material fact regarding damages, as J.C. Matthews was not injured in the collision out of which this action arose.

## III

In support of this motion, Defendants rely upon the affidavit of Joseph L. Mitchell.

WHEREFORE, PREMISES CONSIDERED, Defendants move the Court to enter a summary judgment in their favor.

In Suit 1 only, defendants filed a signed but unsworn supporting affidavit of Joseph L. Mitchell. This affidavit was filed the same day as the motions for summary judgment. Subsequent thereto, Suit 1 plaintiff filed a counter-affidavit from an eyewitness contradicting the facts in Mitchell's affidavit.

For some reason, no action was taken on the motions for many months. Although the orders entered consolidating the cases for trial contain discrepancies, the parties treated the cases as consolidated for trial in Division III of the Circuit Court for the Fifteenth Judicial Circuit at Memphis at least as of June 22, 1982.

By order entered January 14, 1983, the Suit 2 plaintiffs' attorney was allowed to withdraw as counsel. On May 26, 1983, an affidavit of Joseph L. Mitchell was filed in both suits in support of the previously filed motions for summary judgment. Counsel's certificate of service states "a true copy of this pleading has been properly served upon the attorneys for all interested parties." The Suit 2 plaintiffs were unrepresented by counsel when the motion for summary judgment was heard and when the order granting the motion was entered on October 6, 1983. The order reflected that the summary judgment was granted because "there is no genuine issue as to any material fact."

Subsequent to the dismissal of Suit 2, counsel for Suit 1 plaintiff, Katheryn Matthews, was replaced by the present counsel, who filed a motion pursuant to Tenn.R. Civ.P. 17.01, 21 and 25 to substitute the Administratrix of the Estate of J.C. Matthews as plaintiff in this case reciting that although plaintiff, Katheryn Matthews, was not the lawful spouse of the decedent, she is the mother of nine of his children, and that she had lived with him for many years prior to his death.

On August 30, 1984, defendants filed an amended motion for summary judgment which sought to dismiss the Suit 1 Matthews case because the Suit 1 plaintiff was not the widow of J.C. Matthews and because a suit for the wrongful death of J.C. Matthews (Suit 2) had previously been dismissed with prejudice. On September 24, 1984, the court entered an order denying the motion to substitute party plaintiff, granting the motion for summary judgment and dismissing this case. The Suit 1 appeal is from this order.

On October 1, 1984, Suit 2 plaintiffs filed a Tenn.R.Civ.P. 60.02 motion for relief from the summary judgment order and were joined in the motion by the Administratrix of the Estate of J.C. Matthews and the Suit 1 plaintiff Katheryn Matthews. The movants contend that they were unaware of the motion for summary judgment, the hearing on the motion for summary judgment and the Mitchell affidavit filed in support thereof and that they were unrepresented by counsel at the time. They further aver that the trial court did not consider a counter-affidavit on file in Suit 1 which created a genuine issue as to material facts. They assert that although the cases had by this time been consolidated for trial, the defendants chose only to present for hearing the one motion for summary judgment for which no counter-affidavit had been filed. The Suit 2 appeal is from the trial court's order denying the Rule 60.02 motion.

We will now attempt to proceed from this complicated procedural history, which appears from the record to have been unnecessarily created.

The opening sentence of this opinion sets out in a nutshell the source of all the

problems. There can be but one cause of action for the wrongful death of another. It has long been established in this state that the right of action for wrongful death is that which the deceased would have possessed if he had lived. *Hance v. Haun*, 216 Tenn. 176, 391 S.W.2d 621 (1965) and many other cases. Our Supreme Court succinctly stated the nature of the action in *Memphis Street Railway Co. v. Cooper*, 203 Tenn. 425, 313 S.W.2d 444 (1958) as follows:

> ... the right of action herein was that of the dead man and the right which he would have possessed if he had lived and the recovery is in his right, not in the right of the widow or children or brothers.
>
>    *     *     *     *     *     *
>
> A suit of the kind here involved must be treated as if the injured party had brought it. *Whaley v. Catlett*, 103 Tenn. 347, 53 S.W. 131.

*Id.* 313 S.W.2d at 447, 448.

■ In the matter *sub judice*, both "cases" are clearly for the wrongful death of J.C. Matthews and are against the same named defendants. Defendants were represented by the same counsel in both cases, but no action was taken to dismiss the second suit because of the former suit pending. Instead the two "cases" were consolidated for the purpose of trial. Comparing the two suits the only distinction is the dispute as to which plaintiff is the real party plaintiff who should prosecute the wrongful death action. This dispute should have been apparent from the time defendants were apprised of the second suit. At that point, the cases should have been consolidated as one case for the one cause of action. The determination then could have been made as to the proper party plaintiff to proceed with the case.

Although the parties treated the cases as "consolidated for trial," the counter-affidavit filed in opposition to the motion for summary judgment in the Suit 1 Katheryn Matthews case was not actually filed in the Suit 2 Cummings case. When the motion for summary judgment was heard in Suit 2,

this affidavit was apparently not called to the attention of the trial court and this omission resulted in the granting of a summary judgment in Suit 2, although the record is clear that for the cause of action in question, i.e. wrongful death of J.C. Matthews, there were material disputes as to determinative facts which would preclude granting a summary judgment pursuant to Tenn.R.Civ.P. 56.

■ Suit 2 plaintiffs sought relief from this summary judgment by filing a motion pursuant to Tenn.R.Civ.P. 60.02 which provides in pertinent part:

> 60.02 *Mistakes—Inadvertence—Excusable Neglect—Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

As the record now stands there is a decision on the merits in the case for the wrongful death of J.C. Matthews, and justice cannot be served by allowing this judgment to stand under the circumstances previously outlined. We feel this is a "reason justifying relief from the operation of the judgment" pursuant to Tenn.R.Civ.P. 60.02 and the trial court should have granted the motion for such relief. Therefore, the order of the trial court denying Suit 2 plaintiffs' 60.02 motion is reversed.

As noted the trial court denied the Suit 1 plaintiff's motion to substitute the administratrix of the estate as a proper party plaintiff, and then granted summary judgment for the defendants on the grounds that Katheryn Matthews had no standing to bring the suit and that the suit for the wrongful death had been dismissed on the merits. We need not consider the latter reason in view of our disposition of the appeal as to Suit 2. Defendants contend that Katheryn Matthews had no standing to institute a suit in the first place and that the statute of limitations had run prior to any motion being filed for substitution of the real party in interest. They further assert that the administratrix was not the real party in interest but that the real widow Mary Cummings is the proper party.

The record reflects that J.C. Matthews left at least ten children surviving, that plaintiff Katheryn Matthews was the mother of nine of the children and was living with the deceased at the time of his death. The record further reflects that Katheryn Matthews was not the legal widow of J.C. Matthews and in all probability knew that she was not the widow at the time she filed suit alleging that she was.

T.C.A. § 20-5-110 (1984 Supp.) provides: *Action for death of spouse.*—(a) A suit for the wrongful killing of the spouse may be brought in the name of the surviving spouse for the benefit of himself and the children of the deceased, or in the name of the administrator of the deceased spouse or in the name of the next of kin of the spouse. (b) The surviving spouse may effect a bona fide compromise in such a suit or right of action and may execute a valid release which shall be binding upon all the children of the deceased or next of kin of the deceased.

In *Chapman v. King*, 572 S.W.2d 925 (Tenn.1978), the parents of a married female decedent filed suit for her wrongful death. The suit was filed shortly before the bar of the one year statute of limitations. The defendants responded after the one year statute of limitations had expired when they filed a motion to dismiss the complaint asserting that the right of action was in the surviving lawful husband of the decedent pursuant to T.C.A. § 20-607 (now § 20-5-110, 1984 Supp.) The trial court sustained the motion and dismissed the case. Several days later, the appellant, William M. Chapman, the surviving husband, filed a motion whereby he sought to be substituted as plaintiff, but the motion was denied by the trial court. The Supreme Court held that the substitution should have been allowed and reversed the judgment of the trial court. The Court noted the pertinent provisions of Tenn.R. Civ.P. 17.01:

"No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification or commencement by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

*Id.* at 927.

While the *Chapman* Court recognized that the original plaintiffs, the parents of the deceased, had no right to maintain the action the Court stated:

The liberality of this Court in allowing the addition or substitution of a proper party plaintiff for an improper plaintiff although the statute of limitations would have prevented the filing of a new suit is recognized by the Committee Comment to Rule 15.03, Tennessee Rules of Civil Procedure:

"15.03: Under prior law, an amendment which added a new party plaintiff or substituted a party plaintiff, related back to the institution of the original suit, and thus could be made even though an applicable statute of limitations would have barred a new suit by the new or substituted party [*Whitson v. Tennessee Cent. R. Co.*, 163 Tenn. 35, 40 S.W.2d 396 (1930); *Mosier v. Lucas*, 30 Tenn.App. 498, 207 S.W.2d 1021 (1947); *Gogan v. Jones*, 197 Tenn. 436, 273 S.W.2d 700

(1954)]. But where the amendment sought relief against a new party defendant after the statute of limitations has barred a new suit, such defendant could successfully plead the bar [*Mellon v. Am. Flour & Grain Co.*, 9 Tenn.App. 383 (1929)]."

*Id.* at 927, 928.

The Court then observed that wrongful death cases are the ones in which substitution has been most liberally allowed. The court noted that in a number of these cases the proper party plaintiff was substituted after the statute of limitations had run but "in each instance, the mistake of the original improper plaintiff, as here, was a bona fide one."

The Court continued:

No doubt the reason for this liberal policy in wrongful death cases has been the fact that the cause of action is not changed by the substitution of the proper party plaintiff for the improper plaintiff, 51 Am.Jur.2d *Limitation of Actions* § 261 (1970), as noted by Mr. Justice Green of this Court in the *Anderson* case, *supra*, and that such a substitution does not prejudice the defendant who has had notice, from the beginning of the suit, of the nature of the cause of action and that it was being pressed against him. Mr. Justice Holmes, in *New York Cent. & H.R.R. Co. v. Kinney*, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294 (1922), made this apt observation:

"Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied." 43 S.Ct. at 123.

This statement by Mr. Justice Holmes has been cited with approval by numerous courts over the past 50 years.

*Id.* at 928.

Finally the *Chapman* Court discussed *Yorden v. Flaste*, 374 F.Supp. 516 (Del. 1974), a case closely analogous to the case at bar and stated:

In the *Yorden* case, *supra*, the action was one for wrongful death by the common law wife of the decedent and the court held that the complaint could be amended by substituting the lawful widow of the decedent in place of the common law wife as plaintiff, although the statute of limitations had run after the original suit was filed but before the application for the substitution. The substitution in that case was by way of an amendment by the common law wife under Federal Rule 15(c) which is identical to Rule 15.03 of the Tennessee Rules of Civil Procedure, but it is clear that the result would have been the same if the lawful widow had proceeded under Rule 17(a) of the Federal rules which, as noted above, is identical to the above quoted provision of Rule 17.01 of the Tennessee Rules of Civil Procedure. *See* Advisory Committee's Note, 39 F.R.D. 82, 83–84.

*Id.* at 928, 929.

■ Defendants in the case *sub judice* argue that *Chapman v. King*, *supra*, should not be authority for the substitution of the party plaintiff in the case before us because the *Chapman* Court noted that in the cases allowing substitution of parties after the statute of limitations had run, there had been a bona fide mistake by the original improper plaintiff. We agree that *Chapman* so noted; however, we disagree with the defendants in their assertion that in the case before us it is uncontroverted that there was no bona fide mistake. It is clear that in an action for wrongful death pursuant to § 20–5–110, suit is not only on behalf of the surviving spouse but also on behalf of the children of the deceased. We are not prepared to say that as a matter of law the actions of Katheryn Matthews in the case before us was not a bona fide mistake and that there exists no material disputed facts on the question. In view of the authorities, we feel that substitution of a proper party plaintiff is indicated.

■ Defendants further assert that Mary Wilbert Cummings, as the lawful widow, has the superior right to maintain the suit and until she waives her right of action, the administratrix is not a proper

party plaintiff. We recognize that the widow has a right superior to the administrator's right to maintain a wrongful death action. *See Chapman v. King, supra.* However, this superior right may be waived by permitting the administrator's suit to stand without objection. *See Busby v. Massey,* 686 S.W.2d 60, 62 (Tenn.1984); *Koontz v. Fleming,* 17 Tenn.App. 1, 7, 65 S.W.2d 821, 824 (1933). Consequently we hold that the trial court should have allowed the amendment to substitute the administratrix of the estate as Suit 1 plaintiff and after allowing the amendment should not have granted summary judgment for the defendants in Suit 1.

In summary, in the case of Suit 2 plaintiff Mary Wilbert Cummings the order of the trial court denying the Rule 60.02 motion is reversed, and the summary judgment granted for defendants is reversed. In the case of Suit 1 plaintiff Katheryn Matthews the order granting summary judgment for the defendants is reversed. The cases are remanded to be consolidated as one and prosecuted in the name of the real party plaintiff. Costs are adjudged against the appellees.

TOMLIN and HIGHERS, JJ., concur.