# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

CAROL D. SWANSON, as heir of )
JAMES FRANKLIN HATCHER, )
deceased, and for the benefit of )
WILLIE MAE HATCHER, widow, )
                                )
     Plaintiff/Appellant, )
                                )
VS. )
                                )
LARRY C. PETERSON, and )
ALL AMERICAN BOTTLING CO., INC., )
d/b/a ROYAL CROWN BOTTLING CO., )
a/k/a R.C. CANADA DRY BOTTLING CO., )
                                )
     Defendants/Appellees. )

**FILED**

**January 21, 2000**

**Cecil Crowson, Jr.
Appellate Court Clerk**

Davidson Circuit
No. 98C-2464

Appeal No.
M1999-00241-COA-R3-CV

APPEAL FROM THE CIRCUIT COURT FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE WALTER C. KURTZ, JUDGE

For Plaintiff/Appellant:

Lloyd T. Kelso
Lloyd T. Kelso & Associates
Nashville, Tennessee

For Defendants/Appellees:

Wendy Lynne Longmire
Joseph M. Huffaker
Ortale, Kelley, Herbert & Crawford

## AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# O P I N I O N

This appeal stems from two wrongful death suits involving the death of the same person. Both suits were filed in the Circuit Court for Davidson County, the first by the decedent's daughter and the second by the decedent's widow. The trial court granted the common defendants' motion to dismiss the daughter's suit on the ground that the widow has a superior right to maintain a wrongful death action. On this appeal, the daughter asserts that she has a statutory right to continue her wrongful death action despite the filing of the widow's suit. We disagree and, therefore, affirm the trial court.

## I.

James Franklin Hatcher, an 84-year-old resident of McEwen, and his wife, Willie Mae Hatcher, were severely injured in a violent collision with a soft drink truck at the Charlotte Avenue exit of Interstate 40 on November 21, 1997. He died of the injuries received in the collision on December 1, 1997. In addition to his widow, Mr. Hatcher was survived by an adult daughter by a former marriage, Carol D. Swanson of Eupora, Mississippi.

Mr. Hatcher left a will appointing James Robert Gibbs, a son-in-law, as his executor, and the Probate Court for Humphreys County duly appointed Mr. Gibbs executor in January 1998. Ms. Swanson, fearing that she would somehow be prevented from receiving her rightful share of her father's estate,[1] hired a Tennessee lawyer to represent "her interest in her father's recent death." On January 21, 1998, the estate's lawyer informed Ms. Swanson's lawyer that Mr. Gibbs had "contacted the liability carrier for the other driver, but negotiations are not ongoing at this time." Approximately one month later, Ms. Swanson's lawyer corresponded directly with Mr. Gibbs insisting that he "would like to know if the estate of James F. Hatcher will be pursueing [sic] a claim against the driver of the other vehicle." In a subsequent telephone conversation, Mr. Gibbs informed Ms. Swanson's lawyer that "we do not need a lawyer at this time."

Approximately seven months elapsed with no communication between Ms. Swanson or her lawyer and Mr. Gibbs or Ms. Hatcher. For some reason not apparent in the record, Ms. Swanson became convinced that neither Mr. Gibbs nor Ms. Hatcher were doing enough to pursue the wrongful death claim against the driver and the lessee of the truck that collided with the Hatchers' automobile. Accordingly, on September 4, 1998, Ms. Swanson filed a wrongful death suit in the Circuit Court for Davidson County against the lessee and driver of the soft drink truck. Two months later, apparently when a satisfactory settlement could not be reached, Ms. Hatcher and Mr. Gibbs filed their own suit against the same defendants in the Circuit Court for Davidson County, seeking to recover not only for the death of Mr. Hatcher but also for the injuries and other damages sustained by Ms. Hatcher.

---

[1]The pleadings indicate that Mr. Hatcher and Ms. Swanson may have been estranged.

None of the parties attempted to consolidate the two suits.[2]  Rather, faced with two suits seeking recovery for the wrongful death of Mr. Hatcher, the defendants moved to dismiss Ms. Swanson's suit, asserting that Ms. Hatcher's right to maintain the wrongful death action was superior to Ms. Swanson's.  Ms. Swanson responded that she had a statutory right to pursue the wrongful death claim and that Ms. Hatcher and Mr. Gibbs had waived their right to maintain the wrongful death action because of their delay in filing it.  Following a hearing, the trial court dismissed Ms. Swanson's complaint after finding that Ms. Hatcher had "priority" to pursue the wrongful death claim and that she had not waived her right to do so.  Ms. Swanson has appealed from that decision.

## II.
### THE SURVIVING SPOUSE'S PRIORITY IN WRONGFUL DEATH CASES

Wrongful death actions were unrecognized at common law.  *See Whaley v. Catlett*, 103 Tenn. 347, 352, 53 S.W. 131, 133 (1899); *Hall v. Nashville & Chattanooga R.R.*, 1 Tenn. Cas. (Shannon) 141, 144 (1859).  Accordingly, they are purely creatures of statute, *see Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d 593, 596-97 (Tenn. 1999), and are intended to preserve the deceased's own cause of action against the wrongdoer for damages from injuries sustained in the death-causing act.  *See Memphis St. Ry. Co. v. Cooper*, 203 Tenn. 425, 431-32, 313 S.W.2d 444, 447-48 (1958); *Rogers v. Donelson-Hermitage Chamber of Commerce*, 807 S.W.2d 242, 245 (Tenn. Ct. App. 1990).[3]  Wrongful death suits may only be brought by the statutorily-designated persons:  the deceased's personal representative, the deceased's surviving spouse, or, if none, then the deceased's children or other next of kin.  *See* Tenn. Code Ann. § 20-5-107(a) (1994).

Ms. Swanson is correct that the wrongful death statutory scheme allows a child of the deceased to sue for a parent's wrongful death.[4]  As she points out, a suit for a person's wrongful death does not lie solely with the surviving spouse.  *See Brown v. Selby*, 206 Tenn. 71, 78, 332 S.W.2d 166, 169 (1960).  That, however, does not answer the question this appeal presents.  We must decide whether where two separate suits have been instituted to address a single wrongful death — one by a surviving child and one by the surviving spouse — the trial court may dismiss one of the suits in favor of the other.

---

[2]Ms. Swanson mentioned in her response to the motion to dismiss that the court "should consider the consolidation of the actions for trial."  However, as far as this record shows, she never made a written or oral motion to consolidate.  Every lawyer knows, or should know, that all applications to the court for an order must be in the form of a motion.  *See* Tenn. R. Civ. P. 7.02(1).  Unless they are made during a hearing or trial, they must be in writing and must state with particularity the grounds therefor.  We do not consider an off-hand statement such as this one, tucked away in the body of a memorandum of law, to be a motion.

[3]The Tennessee Supreme Court has described the action as a "hybrid" because it also allows the deceased's surviving immediate family to recover their own damages, such as loss of consortium, arising from a wrongful killing.  *See Jordan v. Baptist Three Rivers Hosp.*, 984 S.W.2d at 598, 601-02.

[4]"The action may be instituted by . . . the children of the deceased . . .."  Tenn. Code Ann. § 20-5-107(a).

No matter how many suits parties may file to address an allegedly wrongful death, Tenn. Code Ann. §§ 20-5-106, -07 (1994 and Supp. 1999) contemplate only one cause of action. *See Jamison v. Memphis Transit Management Co.*, 381 F.2d 670, 673 (6th Cir. 1967); *Matthews v. Mitchell*, 705 S.W.2d 657, 660 (Tenn. Ct. App. 1985). Accordingly, multiple actions for a single wrongful death cannot be maintained. *See Matthews v. Mitchell*, 705 S.W.2d at 660; *and see generally National Cordova Corp. v. City of Memphis*, 214 Tenn. 371, 382, 380 S.W.2d 793, 798 (1964) (discussing how a single tort can support but one action for the damages); *Southern Ry. Co. v. Brubeck*, 6 Tenn. App. 493, 501-02 (1927) (discussing the principle of a single action and a single recovery).

Ms. Swanson, as Mr. Hatcher's child, permissibly filed a wrongful death lawsuit. However, two lawsuits ongoing simultaneously to enforce a single cause of action is not permissible. Where wrongful death actions conflict and overlap, the surviving spouse has the prior and superior right to bring and maintain the wrongful death litigation. *See Baker v. Maples*, 995 S.W.2d 114, 115 (Tenn. Ct. App. 1999); *In re Estate of Dobbins*, 987 S.W.2d 30, 36 (Tenn. Ct. App. 1998); *Foster v. Jeffers*, 813 S.W.2d 449, 451 (Tenn. Ct. App. 1991). In terms of priority, the spouse's action trumps the others.

A lawsuit may originally present a pursuable cause of action when filed, yet if before adjudication it loses that character, it is the court's duty to dismiss it. *See Dockery v. Dockery*, 559 S.W.2d 952, 954 (Tenn. Ct. App. 1977). The decision to dismiss an action, where the movant demonstrates grounds for dismissal, lies within the trial court's discretion. *See Roebuck v. City of Aberdeen*, 671 So.2d 49, 50 (Miss. 1996); *Gold Reserve Corp. v. McCarty*, 744 P.2d 160, 162 (Mont. 1987). Ms. Swanson's properly filed wrongful death suit became duplicative once Ms. Hatcher filed suit. Given that Ms. Hatcher's action, by law, had priority, the trial court did not abuse its discretion in granting the defendants' motion to dismiss Ms. Swanson's suit.[5]

### III.
### MS. HATCHER'S WAIVER OF HER RIGHT TO PURSUE THE WRONGFUL DEATH CLAIM

Ms. Swanson also argues that she should be entitled to pursue her suit because Ms. Hatcher waived her right to sue for her late husband's wrongful death. The trial court disagreed, and so do we.

---

[5]These two cases could have been consolidated had Ms. Swanson filed an appropriate Tenn. R. Civ. P. 42.01 motion. *See, e.g., Matthews v. Mitchell*, 705 S.W.2d at 660. Granting the motion, had it been filed, would have been in the trial court's discretion. *See Timmons v. Rainey*, 55 S.W. 21, 29 (Tenn. Ch. App. 1899). We will, however, not put the trial court in error for not granting a motion never made. Even if the trial court had consolidated the two cases, it would have still been required to choose either Ms. Hatcher or Ms. Swanson as the proper party plaintiff to proceed with the case. *See Matthews v. Mitchell*, 705 S.W.2d at 660. The dismissal of Ms. Swanson's complaint accomplished the same result.

Waiver is the voluntary relinquishment of a known right. *See Hicks v. Cox*, 978 S.W.2d 544, 550 (Tenn. Ct. App. 1998). As Ms. Swanson points out, inaction inconsistent with asserting a known right can constitute waiver, *see Jenkins Subway, Inc. v. Jones*, 990 S.W.2d 713, 722 (Tenn. Ct. App. 1998), and a surviving spouse can, by inaction, waive his or her superior right to prosecute a suit for wrongful death. *See Foster v. Jeffers*, 813 S.W.2d at 453; *Matthews v. Mitchell*, 705 S.W.2d at 663. However, we have expressly observed in another decision that the surviving spouse retains and does not waive a wrongful death action if the spouse "bring[s] the wrongful death action himself [or herself] . . .." *Foster v. Jeffers*, 813 S.W.2d at 453.

That happened in this case. Within the statute of limitations, Mr. Hatcher's surviving spouse filed suit for his allegedly wrongful death. It makes no difference that she and the personal representative filed the suit right before the statute of limitations would otherwise have run; the lawsuit was filed timely. *Cf. generally McKimm v. Bell*, 790 S.W.2d 526, 531 (Tenn. 1990) (stating that plaintiffs cannot be penalized for filing suit on the last day the claim was viable).

Ms. Swanson bore the burden of proving waiver by a preponderance of the evidence. *See Koontz v. Fleming*, 17 Tenn. App. 1, 8, 65 S.W.2d 821, 825 (1933). She may have proved that Ms. Hatcher was dilatory, but she did not prove that Ms. Hatcher, in the end, relinquished her prerogative to pursue the driver and the lessee of the truck involved in the November 21, 1997 collision.

## IV.

As a final matter, Ms. Swanson attempts to use this appeal to ensure that she receives a distribution from any ultimate wrongful death recovery. She argues that she, as the sole child of the decedent, is entitled to an intestate share of proceeds from any wrongful death judgment. The trial court in merely dismissing her suit without prejudice did not adjudicate any issue of whether or how she should share in any wrongful death recovery. At this point that is purely an abstract question for the future.

Other than interlocutory appeals granted by this court, parties normally may only appeal from a final judgment, *see Boyce v. Williams*, 215 Tenn. 704, 713, 389 S.W.2d 272, 276 (1965), where the trial court has done everything to determine the parties' contested rights. *See Employers' Indem. Co. v. Willard*, 125 Tenn. 288, 290, 151 S.W. 1029, 1030 (1911). The appellate courts will not pre-emptively decide issues not litigated in the trial court, *see Lawrence v. Stanford*, 655 S.W.2d 927, 929-30 (Tenn. 1983), nor issue advisory opinions, *see Super Flea Mkt. v. Olsen*, 677 S.W.2d 449, 451 (Tenn. 1984); *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. Ct. App. 1994), nor render decisions on merely abstract legal questions. *See State ex rel. Lewis v. State*, 208 Tenn. 534, 538, 347 S.W.2d 47, 49 (1961). Ms. Swanson's arguments regarding her share in any eventual recovery at this

point are based on nothing more than speculation. They present nothing more than an abstract legal question. According, we pretermit discussion of this issue.

## V.

We affirm the dismissal of Ms. Swanson's wrongful death action and remand the case to the trial court for whatever further proceedings may be required. We tax the costs of this appeal to Carol D. Swanson and her surety for which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUDGE

CONCUR:

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

_____
PATRICIA J. COTTRELL, JUDGE