# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
July 18, 2012 Session

## ERIC HOLLEY, Individually and on behalf of SUSIE HOLLEY, Deceased v. MELROSE BLACKETT, M.D.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-005887-06      Kay Spalding Robilio, Judge**

---

**No. W2011-02115-COA-R3-CV - Filed October 10, 2012**

---

This appeal involves an attempt to substitute parties after the original plaintiff in this wrongful death case died. The trial court struck the motion to substitute parties and dismissed the case. We reverse and remand for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and J. STEVEN STAFFORD, J., joined.

Al H. Thomas, Aaron L. Thomas, Memphis, Tennessee, for the appellant, Felicia Corbin Johnson, next friend and/or attorney ad litem of M.H., daughter of Eric Holley, deceased.

Darrell E. Baker, Jr., Deborah Whitt, M. Jason Martin, Memphis, Tennessee, for the appellee, Melrose Blackett, M.D.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

This wrongful death lawsuit was filed in 2006 by plaintiff Eric Holley, individually and on behalf of his deceased wife, Susie Holley. The complaint alleged that Melrose Blackett, M.D. ("Defendant") failed to timely diagnose Susie Holley's breast cancer, and that her death resulted from his medical malpractice. Discovery ensued. Defendant filed a motion for summary judgment, and Eric Holley filed a response.

Plaintiff Eric Holley died while the motion was pending. Defendant filed a suggestion of death upon the record on August 6, 2010. Exactly ninety days later,[1] on November 4, 2010, a motion to substitute parties was filed by counsel for the deceased plaintiff Eric Holley. The motion sought to have Eric Holley's minor daughter ("M.H.") substituted as the real party in interest, with Wendy Holley suing on behalf of M.H. as next friend, due to M.H.'s status as a minor. Wendy Holley was a sister of the deceased plaintiff Eric Holley. In short, the motion to substitute asked that the original plaintiff Eric Holley be substituted by "Wendy Holley, next friend of [M.H.], daughter of Eric Holley, deceased."

Defendant filed a response in opposition to the motion to substitute, alleging, upon information and belief, that Wendy Holley was unwilling to serve as next friend and that she may not have authorized the filing of the motion to substitute. Defendant argued that if Wendy Holley did not agree to serve as next friend, then the motion purportedly filed on her behalf was a nullity, and the case should be dismissed.

Shortly thereafter, and before the motion to substitute was heard, counsel for the plaintiff filed an amended motion to substitute, asking the court to appoint a guardian ad litem for M.H. and to substitute the guardian ad litem, as next friend of M.H., as the party plaintiff. Along with this amended motion to substitute, counsel for the plaintiff, Attorney Aaron Thomas, submitted his own affidavit in which he detailed the difficulties that he had encountered since the death of his original client Eric Holley. According to the affidavit of Mr. Thomas, Eric Holley was survived by a six-year-old daughter, M.H., but M.H. was not the child of Eric Holley's deceased wife, Susie Holley. Rather, she was born as the result of an extramarital affair that Eric Holley had during his marriage to Susie Holley. Attorney Thomas stated that after the death of Eric Holley, he met with Eric Holley's mother and two of his sisters in order to discuss their participation in the lawsuit going forward. According

---

[1] Rule 25.01 of the Tennessee Rules of Civil Procedure provides that, following the death of a party, "[u]nless the motion for substitution is made not later than 90 days after the death is suggested upon the record . . . the action shall be dismissed as to the deceased party."

to Attorney Thomas, Eric Holley's mother and sisters agreed to cooperate and to have one of the family members substituted as next friend of M.H. "only if [he] would contractually arrange that the minor [M.H.]'s rights to any eventual recovery would be conveyed to [Eric Holley's mother and sisters.]" Attorney Thomas stated that sister Wendy Holley was not in attendance at this meeting "but the family spoke on her behalf." According to Attorney Thomas, the mother of M.H. agreed that such an arrangement would be in the best interest of M.H. and agreed to participate in the execution of such a contract. However, Attorney Thomas stated that after he filed the original motion to substitute, he came to the opinion that it would *not* be in the best interest of M.H. to contractually arrange for her right to recovery to be conveyed to other family members. When he informed Eric Holley's mother and two sisters of this, they were no longer willing to participate in the litigation. Attorney Thomas stated that he was unable to contact Wendy Holley without her mother's assistance, but he believed that she would abide by her mother's wishes and refuse to participate in the litigation as well. Attorney Thomas stated that he had spoken with M.H.'s mother about the matter and that she agreed with his plan to seek the appointment of a guardian ad litem who would serve as next friend of M.H.

In response to the amended motion to substitute, Defendant filed a motion to strike, arguing that the first motion to substitute, purportedly filed by Wendy Holley, was a nullity either because Attorney Thomas did not have her authorization to file it or because of the proposed "secret illegal contract" whereby the minor's recovery was to be transferred to others. Defendant further argued that because a "proper" motion to substitute was not filed within 90 days of the suggestion of death upon the record, a "jurisdictional defect" had arisen and the case had "abated," such that there was no longer a "case" to amend.

Attorney Thomas filed a response in which he asked the court to find "excusable neglect" and to consider the amended motion to substitute although it was filed after the 90-day period expired.[2]

After three hearings before the trial judge, Attorney Thomas filed a second amended motion to substitute parties, asking for the appointment of a specific guardian ad litem, Felicia Corbin Johnson, who had agreed to serve in that capacity without remuneration. On February 28, 2011, the trial court entered an order appointing Ms. Corbin Johnson as attorney

---

[2] Rule 6.02 of the Tennessee Rules of Civil Procedure grants the trial judge "broad discretion" to enlarge many of the procedural time limitations prescribed by the Rules of Civil Procedure, including the 90-day period for filing a motion to substitute parties under Rule 25.01. *Douglas v. Estate of Robertson*, 876 S.W.2d 95, 97 (Tenn. 1994). "Where an enlargement of time is requested after the original time has elapsed, Rule 6.02(2) requires the party requesting the enlargement to show that its failure was due to excusable neglect and that the opposing party has not been prejudiced." *Williams v. Baptist Memorial Hosp.*, 193 S.W.3d 545, 550 (Tenn. 2006) (citing *Douglas*, 876 S.W.2d 95, 97–98 (Tenn. 1994)).

ad litem[3] for M.H., and also substituting Ms. Corbin Johnson as the plaintiff in this matter, as next friend and/or attorney ad litem for M.H., daughter of Eric Holley, deceased.

After the entry of this order, the Defendant filed a "chronology of events to assist the Court in determining whether to grant the Defendant's Motion to Strike the Plaintiffs' Motion to Substitute Parties." The attorney ad litem filed a response.[4]

On April 29, 2011, the trial court entered an order dismissing the case. The order stated that the original motion to substitute, involving Wendy Holley, was a nullity because it was filed without obtaining her authorization. The court found that Attorney Thomas improperly relied upon the statements of Wendy Holley's mother without conferring with Wendy Holley personally. The court also found that "[t]he action taken by Mr. Thomas constitutes a misrepresentation of authority and violates Mr. Thomas' duty of candor and truthfulness required when making representations to the Court." The court explained that it had originally concluded that the filing of the improper motion to substitute amounted to excusable neglect, but, upon further reflection and review, the court concluded that counsel's actions were "not within the bounds of excusable neglect." Accordingly, because the amended motions to substitute were filed more than 90 days after the suggestion of death upon the record, and the trial court found no excusable neglect to justify the delay, the trial court granted the motion to strike filed by Defendant and dismissed the case. The attorney ad litem for M.H. timely filed a notice of appeal.

## II. ISSUES PRESENTED

On appeal, the parties basically dispute whether it was proper for the trial court to dismiss this case upon concluding that the initial motion to substitute was filed without the authorization of the next friend, Wendy Holley, or because Attorney Thomas allegedly violated the Rules of Professional Conduct. For the following reasons, we reverse and remand for further proceedings.

## III. STANDARD OF REVIEW

---

[3] During the hearing, the trial judge decided to appoint an attorney ad litem rather than a guardian ad litem out of concern that a guardian ad litem would have "somewhat less flexibility" in handling this matter. Neither party challenged this decision on appeal.

[4] At the hearings, the trial judge announced her intention to grant both parties' motions – granting the motion to strike the *first* motion to substitute as a nullity, but nevertheless allowing for the appointment of a guardian or attorney ad litem as requested in the *amended* motion based upon a finding of excusable neglect. However, competing orders were drafted by the parties, and an order on the motion to strike was not entered at that time.

A trial court's decision on a motion to substitute parties is reviewed for abuse of discretion. *See **Bell v. Nolan***, No. M2000-02684-COA-R3-CV, 2001 WL 1077956, at *4 (Tenn. Ct. App. Sept. 14, 2001). A trial court abuses its discretion only when it applies an incorrect legal standard or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining. ***Williams***, 193 S.W.3d at 551 (citing *State v. Shirley*, 6 S.W.3d 243, 247 (Tenn. 1999)).

## IV. DISCUSSION

Tennessee's wrongful death statutes provide, in relevant part:

> The right of action that a person who dies from injuries received from another, or whose death is caused by the wrongful act, omission, or killing by another, would have had against the wrongdoer, in case death had not ensued, shall not abate or be extinguished by the person's death but shall pass to the person's surviving spouse . . . .

Tenn. Code Ann. § 20-5-106(a). This wrongful death lawsuit was originally filed by Eric Holley, as the surviving spouse of Susie Holley, but Eric Holley died during the proceedings. Tennessee Code Annotated section 20-5-112 provides, in pertinent part:

> No suit for personal injuries or death from a wrongful act . . . shall abate or be abated, because or on account of the death of the beneficiary or beneficiaries for whose use and benefit the suit was brought, and the suit shall be proceeded with to final judgment, as though the beneficiary or beneficiaries had not died, for the use and benefit of the next of kin of the deceased beneficiary.

Simply put, "suits instituted to recover for wrongful death are not abated by the death of a beneficiary." ***Timmins v. Lindsey***, 310 S.W.3d 834, 843 (Tenn. Ct. App. 2009). Once a wrongful death action is brought while a beneficiary is alive, the death of the beneficiary does not cause the action to abate; but rather, the suit proceeds to judgment for the benefit of the next of kin of the deceased beneficiary. 1 Lawrence A. Pivnick, *Tenn. Cir. Ct. Prac.* § 5:22 (2011 ed.). The parties here do not dispute that the next of kin of Eric Holley was his minor daughter, M.H.

As noted above, Tennessee Rule of Civil Procedure 25.01 provides that, following the death of a party, unless a motion for substitution is made within 90 days after the death is suggested upon the record, "the action shall be dismissed as to the deceased party." Here, Attorney Thomas filed the first motion to substitute within 90 days of the suggestion of death. In that motion, he sought to have M.H. substituted as the party plaintiff as the real

party in interest, and Wendy Holley named as the nominal party as next friend of M.H. Obviously, questions exist regarding whether Attorney Thomas had authority to name Wendy Holley as next friend of M.H., and we find it particularly disturbing that Attorney Thomas intended to contractually "bypass" the minor child by arranging for her recovery to go to others. However, we do not believe that it is appropriate for this Court to decide whether such behavior violated the Rules of Professional Conduct. Instead, our task is to review the trial court's conclusion that the timely motion to substitute the minor child as the real party in interest was a nullity, requiring dismissal of the case. We conclude that this was error.

"Minors cannot act for themselves in contracting with counsel and otherwise making provisions to institute [a lawsuit]. They must depend on someone to act for them." ***Busby v. Massey***, 686 S.W.2d 60, 62 (Tenn. 1984). Because minors cannot sue in their own names but must sue by another, ***id.***, an infant may sue by next friend if the infant "does not have a duly appointed representative, or if justice requires." **Tenn. R. Civ. P. 17.03**.[5] However, "[t]he minor is the real plaintiff, not the fiduciary in whose name he sues." ***Busby***, 686 S.W.2d at 62. The infant is "the real and proper party" while "[t]he next friend is neither technically nor substantially a party." ***Williams v. Gaither***, 202 S.W. 917, 918 (Tenn. 1918); *see also* ***March v. Levine***, No. 01-A-01-9708-PB00437, 1999 WL 140760, at *3 (Tenn. Ct. App. Mar. 17, 1999) ("a next friend is not a party to the action").

In the case before us, a motion to substitute M.H. as the "real party" plaintiff, in place of her deceased father, was timely filed within 90 days of the suggestion of death. The amended motions that were subsequently filed, before the initial motion was heard, also sought to have M.H. named as the real party in interest. The amended motions merely sought to have a guardian ad litem appointed as next friend of M.H. rather than Wendy Holley. All along, the goal was to have M.H. substituted for her deceased father. We recognize that the request for the change in the "next friend" came more than 90 days after the suggestion of death. However, the 90-day period is not a "jurisdictional" time limit as suggested by Defendant. The trial court has broad discretion to enlarge the time period for filing a motion to substitute. *See* **Tenn. R. Civ. P. 6.02**; ***Douglas***, 876 S.W.2d at 97-98. "Extension is to be allowed, even after expiration of the original period or any previous extension thereof, where the failure to take timely action was due to excusable neglect." **Tenn. R. Civ. P. 6.02, Adv. Comm'n Cmt.** We do not condone Attorney Thomas's handling of the situation after the original plaintiff Eric Holley died. However, our concern for the interests of the minor child who is involved in this matter leads us to conclude that dismissal was too harsh a sanction under the circumstances. "The Tennessee Rules of Civil Procedure are intended 'to insure that cases and controversies be determined upon their merits and not upon legal

---

[5] Rule 17.03 also requires the appointment of a guardian ad litem for an infant "whenever justice requires." *See, e.g.*, ***Thomas v. R.W. Harmon, Inc.***, 760 S.W.2d 212, 216 (Tenn. Ct. App. 1988).

technicalities or procedural niceties.'" ***Jones v. Prof'l Motorcycle Escort Service, L.L.C.***, 193 S.W.3d 564, 572 (Tenn. 2006) (quoting *Karash v. Pigott*, 530 S.W.2d 775, 777 (Tenn. 1975)). Furthermore, "the Tennessee Supreme Court has indicated a willingness to give plaintiffs more leeway when attempting to determine the proper party to file a wrongful death suit," as plaintiffs often encounter "'considerable difficulty in determining the proper party to file and prosecute the action.'" ***Foster v. St. Joseph Hosp.***, 158 S.W.3d 418, 423 (Tenn. Ct. App. 2004) (quoting *Chapman v. King*, 572 S.W.2d 925, 928 n.2 (Tenn. 1978)). In numerous cases, courts have held that substitution for an improper party plaintiff should have been allowed even where the statute of limitations had expired. *See, e.g.*, ***Chapman***, 572 S.W.2d at 927-29 (holding that the trial court erred in refusing to permit the decedent's husband to be substituted for the parents who filed the action where the motion to substitute was made within a reasonable time after defendants objected to the parents' status as plaintiffs); ***Foster***, 158 S.W.3d at 419 (involving the savings statute, holding that the first wrongful death lawsuit filed by an improper plaintiff was not a nullity, and that the proper party plaintiff could be substituted in the second lawsuit); ***Bell v. Nolan***, No. M2000-02684-COA-R3-CV, 2001 WL 1077956, at *4 (Tenn. Ct. App. Sept. 14, 2001) (finding no abuse of discretion in the trial court's decision to grant a motion to substitute filed three years after the complaint was filed); ***Matthews v. Mitchell***, 705 S.W.2d 657, 662 (Tenn. Ct. App. 1985) (holding that substitution should have been allowed even though the statute of limitations had run when the motion was made). "'No doubt the reason for this liberal policy in wrongful death cases has been the fact that the cause of action is not changed by the substitution of the proper party plaintiff for the improper plaintiff and that such a substitution does not prejudice the defendant who has had notice from the beginning of the suit, of the nature of the cause of action and that it was being pressed against him.'" ***Foster***, 158 S.W.3d at 424 (quoting *Chapman*, 572 S.W.2d at 928). The same holds true here, as Defendant has been on notice since the original complaint was filed that he would have to defend against allegations of medical malpractice arising out of the death of Susie Holley.

For all of these reasons, we find that the trial court erred in dismissing the instant lawsuit. We therefore reverse the order of dismissal and reinstate the trial court's previous "Order Appointing Felicia Corbin Johnson as Attorney Ad Litem for the Minor [M.H.] and Order Substituting Felicia Corbin Johnson as Plaintiff in this Matter as next Friend of [M.H.]."

## V.  CONCLUSION

The decision of the circuit court is hereby reversed, and the case is remanded for further proceedings consistent with this opinion.  Costs of this appeal are taxed to the appellee, Melrose Blackett, M.D., for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.