William M. CHAPMAN, Appellant,

v.

Hattie L. KING and husband, James W. King, Appellees.

Supreme Court of Tennessee.

Nov. 6, 1978.

Robert B. Pyle, Nashville, for appellant; White & Pyle, Nashville, of counsel.

Allan D. Kerns, Dickson, for appellees.

## OPINION

BROCK, Justice.

This is an action for damages for the wrongful death of Shirley Ann Vanderpool Chapman who allegedly was run over by an automobile driven by the defendant, Hattie L. King, thereby receiving injuries from which she died on or about September 7, 1974.

### I

The action was begun by the filing of a complaint by Mr. & Mrs. Robert Vanderpool who alleged that they were the parents of the deceased, Shirley Ann Vanderpool Chapman. The complaint was incorrectly styled by designating the plaintiff as "Shirley Ann Vanderpool, Deceased, by next friend Mr. & Mrs. Robert Vanderpool, father and mother, etc." However, in Section 8 of the complaint, Mr. & Mrs. Vanderpool allege that they are the parents of Shirley Ann and that they have suffered great monetary damages "by reason of her wrongful death."

There can be no doubt that the complaint is in improper form and is in need of extensive amendment. However, complying with the mandate of Rule 8.06 of the Tennessee Rules of Civil Procedure that "all pleadings shall be so construed as to do substantial justice," we are of the opinion that the complaint should be construed as one asserting an action for damages for wrongful death by Mr. & Mrs. Vanderpool as the parents and next of kin of the deceased, Shirley Ann Vanderpool Chapman. *Cf. Walkup v. Covington*, 18 Tenn.App. 117, 73 S.W.2d 718 (1933). The parties and the trial court have so considered it.

The complaint was filed on August 22, 1975, but there was no response from the defendants until October 1, 1976, when they filed a motion to dismiss the complaint or, in the alternative, to strike certain portions thereof. The motion to dismiss asserted:

"That no right of action survives for the death sued for in favor of the plaintiffs, Mr. & Mrs. Robert Vanderpool, and to the contrary the right of action, if any passed to the surviving lawful husband of the deceased, the husband being William Moore Chapman, pursuant to T.C.A. 20–607 as amended."

The motion further alleged that a divorce action had been filed by the decedent, Shirley Ann Vanderpool Chapman, against William Moore Chapman in the Circuit Court of Davidson County but that the same had been dismissed, leaving the parties in a married status at the time of Shirley's death. The motion also alleged that the complaint failed to state a cause of action upon which relief could be granted.

On November 4, 1976, the trial judge entered an order dismissing the complaint upon the ground that ". . . the right of action, if any, passed to the surviving husband of the decedent, Shirley Ann Vanderpool, pursuant to T.C.A. § 20–607 as amended, rather than to Mr. & Mrs. Robert Vanderpool, the plaintiffs herein, and that this cause should be dismissed."

Nine days later, on November 13, 1976, the appellant, William M. Chapman, filed a motion in the action whereby he sought to be substituted as plaintiff in his capacity as surviving husband of the decedent or as the administrator of her estate. On May 3,

1977, the trial court overruled this motion without stating any reasons therefor except ". . . this motion is not well taken and should be denied."

It appears, however, that the ground for denial of the motion was that the statute of limitations of one year had run prior to its filing. Thus, prior to its order of dismissal on November 4, 1976, the court entered an order on October 11, 1976, reciting that the court had heard arguments on October 8, 1976, upon the motion of the defendants to dismiss the complaint and concluding that ". . . from the entire record the court is of the opinion that counsel for each of the parties shall have until October 18, 1976, to submit to the court briefs regarding whether or not the husband of the deceased can at this time be substituted in place of the plaintiffs, Mr. & Mrs. Robert Vanderpool, in this action." This order reserved action upon the motion to dismiss and granted the parties ten days in which to submit briefs to the court.

## II

The substitution of parties is the subject of Rule 25 of the Tennessee Rules of Civil Procedure. It is clear that none of the provisions of that rule authorizes substitution by the appellant under the facts of this case. However, Rule 25 does not exhaust the subject of substitution of parties; Rule 17.01 and Rule 15.03 also authorize substitution of parties under certain circumstances. In pertinent part, Rule 17.01 provides:

> "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification or commencement by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

This provision of Rule 17.01 is relied upon by the appellant for his position that the

trial court erred in refusing to permit him to be substituted as plaintiff in this action.

■ Under the wrongful death statutes, an action for damages for the wrongful death of a married woman "may be brought in the name of the husband for the benefit of himself and the children of the wife, or in the name of administrator of the deceased wife, or in the name of the next of kin of the wife." T.C.A., § 20–611.[1] Thus, it is clear that the right to bring an action for damages for the wrongful death of the deceased married woman in this case belongs to her husband, the appellant, and the trial court was correct in concluding that Mr. & Mrs. Vanderpool, parents of the deceased, had no right to maintain the action. But, the question remains whether, under the above quoted provisions of Rule 17.01 of the Tennessee Rules of Civil Procedure, the trial court erred in dismissing the action and refusing to permit the appellant husband to be substituted as plaintiff in the place and stead of Mr. & Mrs. Vanderpool.

■ The liberality of this Court in allowing the addition or substitution of a proper party plaintiff for an improper plaintiff although the statute of limitations would have prevented the filing of a new suit is recognized by the Committee Comment to Rule 15.03, Tennessee Rules of Civil Procedure:

> "15.03: Under prior law, an amendment which added a new party plaintiff or substituted a party plaintiff, related back to the institution of the original suit, and thus could be made even though an applicable statute of limitations would have barred a new suit by the new or substituted party [*Whitson v. Tennessee Cent. R. Co.*, 163 Tenn. 35, 40 S.W.2d 396 (1930); *Mosier v. Lucas*, 30 Tenn.App. 498, 207 S.W.2d 1021 (1947); *Gogan v. Jones*, 197 Tenn. 436, 273 S.W.2d 700 (1954)]. But where the amendment sought relief against a new party defendant after the statute of limitations has barred a new suit, such defendant could

1. The recovery, if any, in such an action must go exclusively to the husband in the event there are no children nor descendants of children of the deceased wife surviving. T.C.A., § 20–610.

successfully plead the bar [*Mellon v. Am. Flour & Grain Co.*, 9 Tenn.App. 383 (1929)]."

The cases in which this liberality has been most evident have been wrongful death actions in which a wrong party plaintiff has brought the suit.[2] *See Whitson v. Tennessee Central Railroad Company*, 163 Tenn. 35, 40 S.W.2d 396 (1930); *Gogan v. Jones*, 197 Tenn. 436, 273 S.W.2d 700 (1954); *Walkup v. Covington*, 18 Tenn.App. 117, 73 S.W.2d 718 (1934). *See also Nashville, C. & St. L. Ry. v. Anderson*, 134 Tenn. 666, 185 S.W. 677 (1916), an action for the death of an employee under the Federal Employer's Liability Act. In each of these cases, the proper party plaintiff was permitted to be substituted for the original, improper, plaintiff after the statute of limitations had run. Of course, in each instance, the mistake of the original improper plaintiff, as here, was a bona fide one.

No doubt the reason for this liberal policy in wrongful death cases has been the fact that the cause of action is not changed by the substitution of the proper party plaintiff for the improper plaintiff, 51 Am.Jur.2d *Limitation of Actions* § 261 (1970), as noted by Mr. Justice Green of this Court in the *Anderson* case, *supra*, and that such a substitution does not prejudice the defendant who has had notice, from the beginning of the suit, of the nature of the cause of action and that it was being pressed against him. Mr. Justice Holmes, in *New York Cent. & H. R.R. Co. v. Kinney*, 260 U.S. 340, 346, 43 S.Ct. 122, 123, 67 L.Ed. 294 (1922), made this apt observation:

> "Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied." 43 S.Ct. at 123.

This statement by Mr. Justice Holmes has been cited with approval by numerous courts over the past 50 years.

The portion of Rule 17.01, Tennessee Rules of Civil Procedure, here under consideration, has not been previously construed by this Court but it is, for practical purposes, identical to Rule 17(a) of the Federal Rules of Civil Procedure, so that, we may gain enlightenment from the decisions of the Federal courts construing Rule 17(a). In *Wallis v. United States*, 102 F.Supp. 211 (E.D.N.C.1951), the action was one against the United States under the Federal Tort Claims Act. With respect to the substitution of a plaintiff after the statute of limitations had run, the Court said:

> "But it has come to be the settled law that where, either by mistake of law or fact, a suit is brought in the name of a wrong party, the real party in interest, entitled to sue upon the cause of action declared on, may be substituted as plaintiff . . . ; but the substitution of the name of the proper plaintiff has relation to the commencement of the suit, and the same legal effect as if the suit had been originally commenced in the name of the proper plaintiff." 102 F.Supp. at 212.

*Accord, Yorden v. Flaste*, 374 F.Supp. 516 (Del.1974); *Unilever (Raw Materials) Ltd. v. M/T Stolt Boel*, 77 F.R.D. 384 (D.C.1977); *Fornaris v. American Surety Company of New York*, 183 F.Supp. 339 (Puerto Rico 1960).

In the *Yorden* case, *supra*, the action was one for wrongful death by the common law wife of the decedent and the court held that the complaint could be amended by substituting the lawful widow of the decedent in place of the common law wife as plaintiff, although the statute of limitations had run after the original suit was filed but before the application for the substitution. The substitution in that case was by way of an amendment by the common law wife under Federal Rule 15(c) which is identical to Rule 15.03 of the Tennessee Rules of Civil Proce-

---

**2.** Our reported decisions, not to mention the unreported ones, indicate that throughout the years since the enactment of the wrongful death statute litigants have encountered considerable difficulty in determining the proper party to file and prosecute the action.

dure, but it is clear that the result would have been the same if the lawful widow had proceeded under Rule 17(a) of the Federal rules which, as noted above, is identical to the above quoted provision of Rule 17.01 of the Tennessee Rules of Civil Procedure. *See* Advisory Committee's Note, 39 F.R.D. 82, 83–84.

The Advisory Committee Notes to the Federal rules, with respect to Rule 17(a), are in pertinent part, as follows:

"The provision that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed, after the objection has been raised, for ratification, substitution, etc., is added simply in the interests of justice.

.   .   .   .   .

"This provision keeps pace with the law as it is actually developing. Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed  .   .   .."

Although the rule is to be applied liberally, abuses will not be permitted.

"However, the rule should be applied only to cases in which substitution of the real party in interest is necessary to avoid injustice. Moreover, the provision is not intended to authorize suits in the name of fictitious parties in the hope that at a later time the attorney filing the action may discover the real parties to the action." Wright and Miller, *Federal Practice and Procedure*, Vol. VI, Section 1555, page 704, at page 707.

In our opinion, the instant case is a proper one in which to allow substitution under the provisions of Rule 17.01, Tennessee Rules of Civil Procedure. The appellant is the real party in interest, either as surviving husband of the decedent or as the administrator of her estate, and he made his application for substitution within a reasonable time after objection was made by the respondents to the status of the original plaintiffs as real parties in interest. *See Osborne Enterprises v. City of Chattanoo-*

ga, Tenn.App., 561 S.W.2d 160 (1978); 59 Am.Jur.2d *Parties* §§ 220, 256 (1971).

This substitution of the appellant as plaintiff in the action ".   .   . shall have the same effect as if the action had been commenced in the name of the real party in interest," the appellant.

The judgment of the trial court denying appellant's motion for substitution and dismissing the action is reversed and the cause is remanded for further appropriate proceedings. Costs are taxed against appellee.

HENRY, C. J., and COOPER, FONES and HARBISON, JJ., concur.