IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 31, 2003 Session


**DWIGHT HUNT EX REL. JAMES W. DOTSON,  ET AL. v.
CARTER COUNTY, ET AL.**


**Appeal from the Chancery Court for Carter County**
**No. 24754     Thomas J. Seeley, Jr., Judge**


**FILED APRIL 29, 2003**


**No. E2002-01339-COA-R3-CV**


D. MICHAEL SWINEY, J., concurring and dissenting



        I respectfully dissent, in part, from the majority's Opinion.  I concur in the majority's
Opinion that the Trial Court properly granted the Defendants summary judgment as to any claim of
Dwight Hunt based upon his lack of standing or capacity.  However, I dissent from the majority's
Opinion that the affidavit of Ervin was insufficient under Tenn. R. Civ. P. 17.01 to supply the
requisite ratification to allow this matter to proceed with Ervin as the Plaintiff.  I disagree with the
majority as I believe Tenn. R. Civ. P. 17.01 is designed for exactly this type situation.  The majority
says that Plaintiff is an "interloper" with no connection to the rights asserted in the complaint.  I
agree with that statement, but I think Plaintiff here is no different from any other plaintiff who is not
a real party in interest yet commences a lawsuit.  I believe, by its own terms, that Tenn. R. Civ. P.
17.01 is applicable to a situation such as this one where the original plaintiff is not the real party in
interest because he has no right in the cause of action asserted in the complaint.

        I believe the operative language in Tenn. R. Civ. P. 17.01 is as follows:

        No action shall be dismissed on the ground that it is not prosecuted
        in the name of the real party in interest until a reasonable time has
        been allowed after objection for *ratification* or commencement by, or
        joinder or substitution of, the real party in interest; and such
        ratification, joinder, or substitution shall have the same effect as if the

action had been commenced in the name of the real party in interest.
(Emphasis added.)

Rule 17.01, by its own terms, makes a distinction between "ratification" and "joinder or substitution." Ervin's affidavit specifically states that he ratifies this suit and "confirm[s], from the date of filing of the Complaint forward, my joining in this lawsuit." Since the term "ratification" is part of Rule 17.01, I believe it has meaning distinct from "joinder, or substitution." I believe this liberal interpretation is appropriate as there has been no prejudice to the Defendants who "had notice, from the beginning of the suit, of the nature of the cause of action and that it was being pressed against . . . [them]." *Chapman v. King,* 572 S.W.2d 925, 928 (Tenn. 1978).

An additional basis for my dissent is that, at least according to the Statement of Evidence contained in the record, Hunt orally asked the Court to amend the pleadings pursuant to Rule 17 to join or substitute any necessary parties. Apparently the Trial Court denied this oral motion. The majority acknowledges that Tenn. R. Civ. P. 7.02(1) permits a party to raise motions orally at a hearing or trial. In fact, the majority has determined that Defendant Carter County did not waive the defense of capacity or that the action was not brought in the name of the real parties in interest because "Carter County raised those defenses orally at trial." I do not disagree with the majority that Carter County raised those defenses orally, although at a hearing on the motions rather than at trial. While it was not raised, I also note that Tenn. R. Civ. P. Rule 56 requires that a motion for summary judgment, which is what these Defendants' motions were, "shall be served at least thirty (30) days before the time fixed for the hearing." Clearly, if Carter County orally raised those defenses at the motion hearing, it wasn't done thirty (30) days before the hearing. The other Defendant, Franklin, however, did do so.

Given all this, I find troubling the fact that apparently the Trial Court allowed Carter County's oral motion for summary judgment at the hearing on the motions and granted that motion while at the same time denying Plaintiff's oral motion to be allowed to join and or substitute any necessary parties. I believe this was contrary to a liberal interpretation, as is appropriate, of Tenn. R. Civ. P. 17.01, and was reversible error. *Chapman*, 572 S.W.2d at 928.

For all of these reasons, I would hold that the lawsuit was correctly dismissed as to Hunt's claims, but that the suit should be allowed to continue with Ervin joined or substituted as the Plaintiff.

_____
D. MICHAEL SWINEY, JUDGE