# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 16, 2013 Session

## BERLINDA LANE, AND EDWARD L. MONTEDONICO, AS CHAPTER 7 TRUSTEE FOR THE ESTATE OF BERLINDA LANE V. JACOB L. DANIEL AND DANIEL J. LUND

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-001742-09      Robert Samual Weiss, Judge**

---

**No. W2012-01684-COA-R3-CV - Filed May 29, 2013**

---

This case involves the application of the statute of limitations to an intervening personal injury complaint filed by a bankruptcy trustee after the defendants asserted that the original plaintiff, the debtor in the bankruptcy proceeding, lacked standing to bring the claim. Once the bankruptcy trustee became aware of the claim, he filed a motion for intervention, or in the alternative, for substitution pursuant to Rule 17.01 of the Tennessee Rules of Civil Procedure. The trial court granted the trustee's motion and the trustee later filed an intervening complaint. The trial court, however, later dismissed the case, reasoning that because the first complaint was filed by a party without standing, the original complaint was a nullity. Under this theory, the trial court concluded that the action was commenced upon the filing of the trustee's intervening complaint, which was undisputedly outside the applicable statute of limitations. Having determined that the plaintiff's original complaint was not a nullity, we conclude that the trustee's intervening complaint relates back to the original complaint and, thus, was filed within the applicable statute of limitations. Accordingly, we reverse and remand.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

James E. Bailey, III and R. Campbell Hillyer, Memphis, Tennessee, for the appellants, Edward L. Montedonico, as Chapter 7 Trustee for the Estate of Berlinda Lane.

Christopher L. Richardson, Nashville, Tennessee, for the appellee, Daniel J. Lund.

Dawn Davis Carson, Russell B. Jordan, and Hal S. Spragins, Jr., Memphis, Tennessee, for the appellee, State Farm Mutual Automobile Insurance Company.

**OPINION**

**I. Background**

Plaintiff Berlinda Lane was injured in an automobile accident on April 20, 2008 and subsequently filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Tennessee on September 29, 2008. Intervening Plaintiff/Appellant Edward L. Montedonico was appointed as trustee ("Trustee") of Ms. Lane's bankruptcy estate. Ms. Lane failed to disclose the existence of the claim against the Defendants/Appellees Jacob L. Daniel[1] and Daniel J. Lund ("Appellee Lund") as an asset in her bankruptcy case. On February 13, 2009, the Bankruptcy Court entered an order of discharge, discharging Ms. Lane from the liabilities listed in her bankruptcy petition. On July 16, 2009, a final decree was entered and Ms. Lane's bankruptcy case was closed.

On April 8, 2009, Ms. Lane filed her original complaint against Mr. Daniel,[2] Appellee Lund, and her own Uninsured Motorist Carrier, State Farm Mutual Automobile Insurance Company ("State Farm," and together with Appellee Lund, "Appellees") arising from the automobile accident in the Circuit Court of Shelby County. On January 12, 2010, Appellee Lund filed a motion for summary judgment asserting that Lane had no standing to assert this claim because it had not been disclosed as an asset in the bankruptcy case. On January 28, 2010, the Office of the United States Trustee filed a motion to reopen Ms. Lane's bankruptcy case. The bankruptcy case was reopened on February 16, 2010 and the Trustee was reappointed. On February 25, 2010, the Trustee filed a Motion to Intervene in the tort case, or in the alternative, for Substitution as the real party in interest. Although there is no transcript of the proceedings in the record, the motion was allegedly heard and granted by the trial court on June 4, 2010. The trial court subsequently entered an order allowing the Trustee to Intervene on October 19, 2010. Nothing in the record suggests the reason for the delay in entering the order.

On December 20, 2010, Appellee Lund filed a second motion for summary judgment,

---

[1]From our review of the record, it appears that Mr. Daniel has not filed a brief in this matter or otherwise participated in this appeal.

[2]According to Ms. Lane's complaint, Mr. Daniel was operating a vehicle owned by Appellee Lund at the time of the alleged accident. Ms. Lane sought recovery from Appellee Lund on the basis of an agent/principal relationship between Mr. Daniel and Appellee Lund, and/or the Family Purpose Doctrine.

alleging that the Trustee lacked standing and that the lawsuit had not been commenced within the applicable statute of limitations. On January 12, 2011, the Trustee filed his Intervening Complaint, which adopted and incorporated the allegations in the original complaint identically. The only substantive change to the original petition was to substitute the Trustee as the real party in interest. On March 4, 2011, the Trustee filed a response to the second motion for summary judgment, asserting that he was the correct party in interest, the claim was the property of the bankruptcy estate, and that he commenced his action within the applicable statute of limitations. The trial court heard oral argument on March 25, 2011 and the Trustee orally announced that Ms. Lane would be voluntarily non-suited without prejudice. An order to that effect was entered on April 8, 2011.

On April 12, 2011, Appellee Lund filed a Motion to Dismiss pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure,[3] seeking to dismiss the intervening complaint on the basis that the complaint was filed over two years after the accident and well outside the statute of limitations. State Farm filed its joinder to the Motion to Dismiss on May 3, 2011. Argument on the Motion to Dismiss was heard on July 8, 2011. The trial court entered an order dismissing the case on April 11, 2012. The Trustee filed a motion to alter or amend the judgment, which was denied by the trial court on June 28, 2012. After the Trustee filed a timely notice of appeal, this Court directed the Trustee to obtain a final order in the trial court that fully complied with Rule 58 of the Tennessee Rules of Civil Procedure. Proper orders were entered on October 22, 2012.

## II. Analysis

The sole issue in this case is whether the trial court erred in granting the Appellees' Rule 12.02(6) Motion to Dismiss the Trustee's Intervening Complaint based on the alleged expiration of the statute of limitations. A motion filed under Rule 12.02(6) of the Tennessee Rules of Civil Procedure "is an appropriate way to seek to invoke the statute of limitations as grounds for dismissing a complaint." *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 455–56 n.11 (Tenn. 2012) (citing *Hawk v. Chattanooga Orthopaedic Grp., P. C.*, 45 S.W.3d 24, 28 (Tenn. Ct. App. 2000); 1 Lawrence A. Pivnick, Tennessee Circuit Court Practice § 11:3, at 857–58 (2011 ed.)). However, this type of motion

---

[3] Rule 12.02 of the Tennessee Rules of Civil Procedure provides, in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion in writing: . . . (6) failure to state a claim upon which relief can be granted . . . .

"tests only the legal sufficiency of the plaintiff's complaint," not the strength of the plaintiff's proof or evidence. *Id*. at 455 (citing *Highwoods Props., Inc. v. City of Memphis*, 297 S.W.3d 695, 700 (Tenn. 2009)). Thus, we resolve a motion to dismiss by an examination of the pleadings alone. *Webb v. Nashville Area Habitat for Humanity, Inc.*, 346 S.W.3d 422, 426 (Tenn. 2011). "A defendant who files a motion to dismiss 'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Id*. (quoting *Brown v. Tenn. Title Loans, Inc.*, 328 S.W.3d 850, 854 (Tenn. 2010)). At this early stage of the proceedings, courts "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Id*. (quoting *Tigg v. Pirelli Tire Corp.*, 232 S.W.3d 28, 31–32 (Tenn. 2007)). The motion to dismiss should be granted "'only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.'" *Id*. (quoting *Crews v. Buckman Labs. Int'l, Inc.*, 78 S.W.3d 852, 857 (Tenn. 2002)). This is because we are "assessing the sufficiency of a single document filed at the very beginning of a case," and "[o]ur motion-to-dismiss jurisprudence reflects the principle that this stage of the proceedings is particularly ill-suited for an evaluation of the likelihood of success on the merits or of the weight of the facts pleaded." *Id.* at 437.

On appeal, a trial court's legal conclusion regarding the adequacy of the complaint is reviewed *de novo*. *Webb*, 346 S.W.3d at 426. Likewise, "[t]he determination of whether a suit should be dismissed based on the statute of limitations presents a question of law which we review *de novo* with no presumption of correctness." *Redwing*, 363 S.W.3d at 456 (citing *Fahrner v. SW Mfg., Inc.*, 48 S.W.3d 141, 144 (Tenn. 2001)).

The Appellees in the case argue that the Trustee's Intervening Complaint, filed on January 12, 2011, was filed outside the statute of limitations for his claim, and therefore, that the trial court properly dismissed this case as a matter of law. The Trustee does not contend that his intervening complaint was filed within either the Tennessee one-year statute of limitations for personal injury actions, Tennessee Code Annotated Section 28-3-104(a)(1),[4]

---

[4] Tennessee Code Annotated Section 28-3-104 provides, in relevant part:

> (a) The following actions shall be commenced within one (1) year after the cause of action accrued:

> (1) Actions for libel, *for injuries to the person*, false imprisonment, malicious prosecution, breach of marriage promise; . . . .

(emphasis added).

or the Federal two-year statute of limitations for bankruptcy trustees, 11 U.S.C. §108(a)(2).[5] Instead, he argues that the claim was properly commenced when Ms. Lane filed her complaint on April 8, 2009, well within both the Tennessee and Federal statutes of limitations. The Appellees argue, however, that the Trustee's intervening complaint does not relate back to the filing of Ms. Lane's complaint because the original complaint was a nullity.

It is undisputed that Ms. Lane filed her complaint within the applicable one-year statute of limitations for personal injury suits under Tennessee law. *See* Tenn. Code Ann. §28-3-104. A suit is commenced upon the filing of a complaint. *See* Tenn. R. Civ. P. 3 ("All actions are commenced by filing a complaint with the clerk of the court. An action is commenced within the meaning of any statute of limitations upon such filing . . . ."). Under normal circumstances, the filing of a complaint operates to toll the statute of limitations. The Appellees contend, however, that because Ms. Lane did not have standing to bring her complaint because she had filed for bankruptcy, the complaint was a nullity and, therefore, could not operate to toll the statute of limitations.

It is also undisputed that when Ms. Lane filed for bankruptcy on September 29, 2008, she created a bankruptcy estate. The Bankruptcy Code provides that: "The trustee in a case under [the Code] is the representative of the estate." 11 U.S.C. §323(a). According to the United States District Court for the Sixth Circuit:

> Under 11 U.S.C. § 704(1), a Chapter 7 trustee "shall collect and reduce to money the property of the estate. . . ." Among the "legal and equitable interests of the debtor" included within the "property of the estate" under section 541 are causes

---

[5] The federal limitations statute at issue, 11 U.S.C. §108(a)(2), provides:

> (a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of--
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) two years after the order for relief.

According to the United States Supreme Court, the filing of the bankruptcy petition "constitutes an order for relief." *Tennessee Student Assistance Corp. v. Hood*, 124 S.Ct. 1905, 1910, 541 U.S. 440, 447 (2004) (citing 11 U.S.C. § 301).

> of action belonging to the debtor. ***Spartan Tube & Steel, Inc. v. Himmelspach (In re RCS Engineered Prods.)***, 102 F.3d 223, 225 (6th Cir. 1996) (citation omitted). Because causes of action belong to the estate, section 704(1) grants the trustee the exclusive right to assert the debtor's claims. ***Honigman v. Comerica Bank ( In re Van Dresser Corp.)***, 128 F.3d 945, 947 (6th Cir. 1997) (citing ***Schertz-Cibolo-Universal City, Indep. Sch. Dist. v. Wright (In re Educators Group Health Trust)***, 25 F.3d 1281, 1284 (5th Cir. 1994)).

***In re Cannon***, 277 F.3d 838, 853 (6th Cir. 2002). The claim for damages against Mr. Daniel and Appellee Lund was based on an accident that occurred prior to the filing of the bankruptcy petition. The cause of action, therefore, belonged to Ms. Lane prior to the filing of her bankruptcy petition. Consequently, only the chapter 7 trustee is the real party in interest to pursue pre-petition causes of action. *See **Saellam v. Norfolk Southern Corp.***, No. 06-123, 2007 WL 16537307, at *3 (W.D. Pa. June 6, 2007). According to the Appellees, then, the debtor's action in filing the complaint on April 8, 2009 was a nullity and could not operate to toll the statute of limitations. Because the Trustee undisputedly did not file his Intervening Complaint within the one-year Tennessee statute of limitations or the two-year federal statute of limitations applicable to bankruptcy trustees, the Appellees argue that the claim is time-barred.

The Trustee in this case, upon learning of Ms. Lane's failure to disclose her tort claim against the Appellees, filed a motion in the trial court for leave to intervene in the case, or in the alternative, for substitution as the real party in interest. The trial court granted this request but later dismissed the case as having been commenced after the expiration of the statute of limitations. Substitution of a party plaintiff for the real party in interest is governed by Rule 17.01 of the Tennessee Rules of Civil Procedure.[6] Rule 17.01 provides:

---

[6] We note that because this case involves a state action in state court, the parties were required to follow all Tennessee procedural rules. *See* Tenn. Civ. P. R. 1 ("[T]he Rules of Civil Procedure shall govern procedure in the circuit or chancery courts in all civil actions, whether at law or in equity, and in all other courts while exercising the civil jurisdiction of the circuit or chancery courts."). Appellees' contention that the Trustee was not required to seek substitution or intervention in the Shelby County Circuit Court pursuant to Rules 24.01, 24.02, and 25.01 of the Tennessee Rules of Civil Procedure but instead could file a complaint "with or without court approval" pursuant to Rule 6009 of the Federal Rules of Bankruptcy Procedure is, consequently, without merit. While the Appellees cite ***Parnham v. Parnham***, No. M1998-00915-COA-R3-CV, 2001 WL 120734 (Tenn. Ct. App. Feb. 14, 2001), to support their argument, ***Parnham*** involved the question of whether a federal statute, not a procedural rule applicable in bankruptcy court, "trump[ed]" Tennessee's procedural rules. ***Id.*** at *2 n.4. Indeed, Rule 1001 of the Federal Rules of Bankruptcy Procedure

(continued...)

-6-

Every action shall be prosecuted in the name of the real party in interest; but an executor, administrator, guardian, bailee, trustee of an express trust, a party to whose rights another is subrogated, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in his or her own name without joining the party for whose benefit the action is brought; and when a statute so provides an action for the use or benefit of another shall be brought in the name of this State. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification or commencement by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Thus, Rule 17.01 expressly contemplates that a complaint should not be dismissed on the ground that it is not brought by the real party in interest unless a reasonable time has been allowed for correction. Moreover, a correction of that error, either through ratification, joinder, or substitution "shall have the same effect as if the action had been commenced in the name of the real party in interest." Tenn. R. Civ. P. 17.01; *see also **Duffer v. Keystops, LLC***, No. M2011-01484-COA-R3-CV, 2012 WL 3104903, at *7 (Tenn. Ct. App. 2012) ("We acknowledge that Rule 17 of the Tennessee Rules of Civil Procedure allows for the substitution of the real party in interest when a mistake has been made in naming the party and that Rule 15 of the Tennessee Rules of Civil Procedure provides that the properly accepted amended complaint will relate back to the date of the original pleading.").

The Appellees argue, however, that despite the language of Rule 17.01, the Trustee's Intervening Complaint was not timely because the original complaint was a nullity. Appellees cite to no Tennessee cases in which a complaint filed by a debtor, concerning a cause of action that was the property of a bankruptcy estate, was considered a nullity and held

---

[6](...continued)
specifically provides that the Federal Rules of Bankruptcy Procedure "govern procedure in cases under title 11 of the United States Code." Title 11 of the United States Code governs bankruptcy proceedings. However, this is a common law tort action in state court that was not filed "under title 11 of the United States Code." Accordingly, the rule expressed in ***Parnham*** is inapposite to the issue in this case. Further, from our review of Rule 6009, the Rule allows the trustee to commence or intervene in an action on behalf of the debtor without the approval of the bankruptcy court, not the state court in which an action is pending. *See **Hunt v. Up North Plastics, Inc.***, 177 F.R.D. 449, (D. Minn. Dec. 2, 1997) (noting that Rule 6009 allows the trustee to intervene in a putative class action case "***without Bankruptcy Court*** intervention") (emphasis added).

insufficient to toll the statute of limitations. It appears that this is a question of first impression in Tennessee. The Appellees, however, cite several cases from other jurisdictions in which courts have held that complaints filed by one without standing are a nullity that does not operate to toll the statute of limitations. "Authorities outside Tennessee, such as . . . caselaw from our sister states, are not binding but nevertheless may be instructive." *Vivien v. Campbell*, No. W2009-01602-COA-R3-JV, 2011 WL 1837777, at \*10 (Tenn. Ct. App. May 10, 2011). Many of the cases cited by the Appellees, however, are clearly distinguishable from the case-at-bar. For example, in *Garlock Sealing Technologies, LLC v. Pittman*, --- So.3d ----, 2010 WL 4009151 (Miss. 2010), the Mississippi Supreme Court dismissed a case based on the statute of limitations, despite a motion to amend to substitute the real party in interest, based on the fact that the original plaintiff was deceased at the time of filing the complaint. *Id.* at \*5–\*6. The issue was not the standing of the plaintiff, but whether the plaintiff was actually legally in existence at the time of filing the complaint. *Id.* at \*5. In another case, *Blevins v. Hillwood Office Center Owners' Ass'n*, 51 So.3d 317 (Ala. 2010), the Alabama Supreme Court likewise dismissed a case in which the original plaintiff had no standing due to Alabama precedent that held that such a defect was jurisdictional and could not be cured by an amendment to name the real party in interest. *Id.* at 322–23. Indeed, Alabama's version of Rule 15 specifically states that relation back based on amendment is only allowed if the amendment "changes the party or the naming of the party against whom a claim is asserted," not the party who is asserting the claim. *See* Ala. R. Civ. P. 15(c)(3). In contrast, our Rule 15.03 expressly allows relation back when the change is to the party asserting the action, discussed in detail *infra*. *See* Tenn. R. Civ. P. 15.03. Other cases cited by the Appellees concern a statutory right to bring an action wherein the statute conferring the right specifically provides who may have standing to seek redress from the courts. *See Ortiz v. Gavenda*, 590 N.W.2d 119 (Minn. 1999); *Henderson v. Fields*, 68 S.W.3d 455 (Mo. Ct. App. 2001). Under these circumstances, the courts have held that the issue of standing becomes an issue of subject matter jurisdiction. *See Ortiz*, 590 N.W.2d at 122 (noting that strict compliance with the standing rules and statute of limitations for the statutorily created action was jurisdictional); *Henderson*, 68 S.W.3d at 468 n.1 (noting that "the case law provides that the issue of standing to bring suit relates to the subject matter jurisdiction of the court"). Thus, under the rule expressed in *Ortiz* and *Henderson*, when one without standing files the complaint, the court never gains subject matter jurisdiction over the action within the applicable statute of limitations. The most common example of this type of action is a wrongful death lawsuit in which the statute expressly states that only certain relatives of the decedent, or his or her administrator, may bring the action. Indeed, the Tennessee Supreme Court in *In re Estate of Smallman*, --- S.W.3d ----, 2013 WL 682810 (Tenn. 2013), specifically held that "the issue of standing is interwoven with that of subject matter jurisdiction and becomes a jurisdictional prerequisite," only "[w]hen a statute creates a cause of action and designates who may bring an action." *Id.* at \*11 (quoting *Osborn v. Marr*, 127 S.W.3d 737, 740 (Tenn. 2004)). In this case, however, a personal injury lawsuit is a product

of the common law and the right to bring such action is not conferred by statute. Indeed, even the court in *Ortiz*, in dismissing the statutory action, noted that such rule would not apply to a common law claim, stating: "In common law claims we have applied these rules to permit untimely amendments to relate back to the date of the original complaint so long as the defendants had adequate notice of the new claim and would not be unfairly prejudiced by the amendment." *Ortiz*, 590 N.W.2d at 122. Accordingly, based on the holding in *Smallman*, the issue of standing in this case is not interwoven with subject matter jurisdiction and thus does not result in the trial court being deprived of jurisdiction to consider the complaint by Ms. Lane's lack of standing.

Moreover, the Appellees, in citing only cases from other jurisdictions, fail to take into account the Tennessee Supreme Court's "avowed liberality in permitting substitution of a proper party plaintiff for an improper party plaintiff, even after the statute of limitations has passed." *Foster v. St. Joseph Hosp.*, 158 S.W.3d 418, 424 (Tenn. Ct. App. 2004) (citing *Chapman v. King*, 572 S.W.2d 925, 927–29 (Tenn. 1978)). This is true even in cases where the right to bring an action is conferred by statute, such as in a wrongful death action. This Court recently considered whether a lack of standing to bring a wrongful death suit results in the original filing of the complaint being void for purposes of the statute of limitations in *Foster v. St. Joseph Hospital*. *Foster* involved a suit filed by a decedent's husband's nephew, after the decedent's husband gave his power of attorney to the nephew. After the defendants objected on the basis that nephew was not the real party in interest and, therefore, the claim was not filed within the applicable statute of limitations, the nephew sought leave to amend his complaint to add the husband as the real party in interest. *Foster*, 158 S.W.3d at 423. The trial court ruled that the original filing was a nullity because the nephew was not the real party in interest and, therefore, concluded that no proper complaint was filed within the applicable statute of limitations. Nephew and husband appealed. *Id.* In concluding that a filing by one without standing was not a nullity for purposes of the statute of limitations, the *Foster* Court discussed the Tennessee Supreme Court case of *Chapman v. King*:

> In *Chapman v. King*, 572 S.W.2d 925 (Tenn. 1978), the plaintiff parents brought a wrongful death suit against a motorist who allegedly ran over and killed their adult daughter. *Id.* at 926. Though the suit was filed within the statute of limitations, . . . the *Chapman* plaintiffs did not have standing to bring the suit. *Id.* In *Chapman*, the decedent's husband was the proper party to file the claim. *Id.* After the statute of limitations had expired, the defendants filed a motion to dismiss, asserting that the parents were not the proper parties to file suit. The decedent's husband attempted to cure the defect by moving to be substituted as plaintiff in place of the parents. *Id.* The trial court

denied the motion, apparently because it was filed after the expiration of the statute of limitations. *Id.* at 927.

On appeal, the Tennessee Supreme Court noted its "liberality" in permitting a proper party plaintiff to be added or substituted for an improper party plaintiff under Rules 15.03 and 17.01 of the Tennessee Rules of Civil Procedure, even when the expiration of the statute of limitations would prevent a new lawsuit from being filed. *Id.* at 927–29. The court noted this predilection toward leniency to be especially evident in wrongful death actions due to the "considerable difficulty in determining the proper party to file and prosecute the action." *Id.* at 928 & n.2. The *Chapman* court observed:

> No doubt the reason for this liberal policy in wrongful death cases has been the fact that the cause of action is not changed by the substitution of the proper party plaintiff for the improper plaintiff and that such a substitution does not prejudice the defendant who has had notice from the beginning of the suit, of the nature of the cause of action and that it was being pressed against him.

*Id.* at 928 (internal citations omitted). Thus, although the statute of limitations had expired when the *Chapman* plaintiffs filed their motion to substitute the proper party plaintiff, the supreme court permitted the amendment under Rule 17.01 because the substitution of the parties did not change the cause of action or prejudice the defendants. *See id.* at 928–29. Thus, the view of the Tennessee Supreme Court in *Chapman* stands in contrast to the somewhat harsh reasoning employed by [other courts outside our jurisdiction].

*Foster*, 158 S.W.3d at 423–24.

Thus, the *Foster* court held that it was error for the trial court to declare that the original filing of the lawsuit was void; instead, the complaint was merely voidable and could be corrected through proper application of Rule 17.01. Consequently, the Appellees' reliance on the Arkansas Supreme Court case of *Bibbs v. Community Bank of Benton*, 375 Ark. 150, 289 S.W.3d 393 (Ark. 2008), is misplaced. The issue in *Bibbs* was much the same as in this

case: the plaintiff debtor filed his complaint and later amended the complaint to add that the bankruptcy trustee had ratified the debtor's action. *Id.* at 397–98. The Arkansas Supreme Court noted that nothing in federal law allowed the bankruptcy trustee to ratify the action of the debtor; federal law provides that the bankruptcy trustee has the exclusive right to bring the action. *Id.* at 398 (citing 11 U.S.C. § 554). In addition, the court relied on its previous holding that "a complaint filed by a party without standing in a wrongful-death action is a nullity." *Bibbs*, 289 S.W.3d at 398 (quoting *Hubbard v. Nat'l Healthcare of Pocahontas, Inc.*, 371 Ark. 444, 267 S.W.3d 573 (Ark. 2007)). Because the original complaint was a nullity, there was no valid pleading that the plaintiff could amend or that the amended complaint could relate back to for purposes of the statute of limitations. *Bibbs*, 289 S.W.3d at 400–01. Thus, *Bibbs* is distinguishable for two reasons. First, the Trustee in this case sought to be named as the real party in interest and the debtor plaintiff was later voluntarily non-suited. Accordingly, the issue of mere ratification of the debtor's action in bringing the suit is not at issue. Second, unlike in Arkansas, the Tennessee Supreme Court has expressly allowed a complaint filed by a party without standing in a wrongful death action to be amended after the expiration of the statute of limitations. *See Chapman*, 572 S.W.2d at 927–29. Thus, in Tennessee, the original complaint in that situation is not a nullity and may be amended to add the real party in interest. *See also Foster*, 158 S.W.3d at 423–24 (holding that a complaint in a wrongful death action filed by the wrong plaintiff is not a nullity).

Applying the reasoning in *Foster* and *Chapman* to the facts of this case, we must likewise conclude that the original complaint in this case was merely voidable, not void, and could be corrected through proper application of Rule 17.01. Although both *Foster* and *Chapman* discuss the policy behind allowing substitution particularly with regard to wrongful death cases, we believe that a policy of "liberality" in substitution of plaintiffs is equally appropriate in this case. First, the court in *Chapman* stressed that the policy of liberality is based on "the fact that the cause of action is not changed by the substitution of the proper party plaintiff . . . and that such a substitution does not prejudice the defendant." *Chapman*, 572 S.W.2d at 928. In this case, the cause of action is clearly and undisputedly not changed by substitution of the Trustee for Ms. Lane. Indeed, the Intervening Complaint filed by the Trustee adopts and incorporates the identical allegations in the pleading originally filed by Ms. Lane. Further, Ms. Lane's lack of standing to bring this suit does not implicate the trial court's subject matter jurisdiction, unlike in wrongful death actions. *See Smallman*, 2013 WL 682810, at *11. Thus, the policy of liberality applies with even more force to the situation presented in this case. Finally, not allowing the Trustee to intervene in a case in which a debtor failed to disclose a tort action as an asset in a bankruptcy proceeding would result in an injustice to the debtor's creditors, rather than merely prejudicing the debtor. Accordingly, we must conclude that the filing of an original complaint by a debtor for an action that is the property of a bankruptcy estate is not a nullity, but is merely voidable. Thus, substitution of the real party in interest and relation back to the original

commencement of the action are allowed in Tennessee when a Trustee seeks to be substituted for a debtor in a tort action, so long as all the requirements of Rules 17.01 and 15.03 are satisfied.

The question in this case, therefore, is whether the substitution of the Trustee and his intervening complaint relate back to the original filing by Ms. Lane for purposes of the statute of limitations. The Tennessee Supreme Court has suggested that for substitution of the plaintiff for the real party in interest after the expiration of the statute of limitations, the party seeking to be substituted must show a bona fide mistake in the original naming of the plaintiff. Robert Banks, Jr. & June F. Entman, Tennessee Civil Procedure §6-1.(h) (2d ed. 2004) (citing *Chapman v. King*, 572 S.W.2d 925, 927–29 (Tenn. 1978) (noting that in cases where substitution after the expiration of the statute of limitations has been allowed, "in each instance, the mistake of the original improper plaintiff, as here, was a bona fide one")); *see also Matthews v. Mitchell*, 705 S.W.2d 657 (Tenn. Ct. App. 1985) (stating that *Chapman* "noted" that a bona fide mistake is required to substitute a party plaintiff). The Trustee in this case filed a Motion seeking intervention, or in the alternative, substitution, on the ground that he had no notice of the claim because Ms. Lane did not disclose it in her bankruptcy proceeding. Although this question has not been addressed by Tennessee courts, courts in other jurisdictions have generally held that a bankruptcy trustee's failure to bring a claim as trustee is a bona fide mistake when the debtor failed to disclose the existence of the claim in his or her bankruptcy proceeding. *See, e.g., Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011) ("[A]bsent unusual circumstances, an innocent trustee can pursue for the benefit of creditors a judgment or cause of action that the debtor fails to disclose in bankruptcy."); *Kane v. National Union Fire Insurance Co.*, 535 F.3d 380 (5th Cir. 2008) (declining to estop chapter 7 trustee from pursuing undisclosed personal injury claim); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004) (allowing trustee to pursue undisclosed claims as real party in interest); *Saellam v. Norfolk Southern Corp.*, No. 06–123, 2007 WL 1653737 at *4 (W.D. Pa. June 6, 2007) (allowing chapter 7 trustee opportunity to move to substitute as real party in interest); *Stramiello-Yednak v. Perl*, No. 05–517, 2006 WL 1158123 at *1 (W.D. Pa. Apr. 28, 2006) (granting chapter 7 trustee's motion to intervene); *Rousseau v. Diemer*, 24 F.Supp.2d 137 (D. Mass.1998) (finding no prejudice to defendants resulting from substitution because "nothing will change as a result of substituting the trustee as plaintiff in this action, except that this action will now be maintained for the benefit of Plaintiff's creditors and not for the Plaintiff himself."); *Preston v. Kindred Hospitals West*, L.L.C., 226 Ariz. 391, 249 P.3d 771 (Ariz. 2011); *but see Feist v. Consolidated Freightways Corp.*, 100 F.Supp.2d 273, 280 (E.D. Pa. 1999) (denying motion to substitute due to plaintiff's bad faith in filing case in his own name); *Griffin v. EFW, Inc.*, No. 4:03-CV-1337-A, 2004 WL 906393 (N.D. Tex. March 4, 2004) (declining to allow a debtor to move to substitute the bankruptcy trustee when the trustee had taken no action to reopen estate and merely acquiesced in debtor's suit); *Bibbs*, 289 S.W.3d at 398 (noting that the federal law was clear

that the bankruptcy trustee had the exclusive right to bring the action and that, consequently, there was no "understandable mistake" as to the real party in interest to bring the suit).

The Federal District Court, in **Killmeyer v. Oglebay Norton Co.**, 817 F.Supp.2d 681 (W.D. Pa. 2011), recently examined this issue, in relation to the federal counterpart to Rule 17.01, Rule 17(a)(3) of the Federal Rules of Civil Procedure:[7]

> The scope of [Federal] Rule of [Civil Procedure] 17(a)(3) is not unlimited; its application is "intended to insure against forfeiture and injustice." Fed. R. Civ. P. 17, 1966 Amendment, advisory committee's note. Substitution is only available where the determination of the proper party is "difficult" or the plaintiff's misidentification of the party was the result of "an understandable mistake." **Id.**; **Nelson v. County of Allegheny**, 60 F.3d 1010, 1015 n.8 (3d Cir.1995). In some instances, courts have used the "understandable mistake" limitation to bar substitution by a trustee where the plaintiff did not disclose his or her claims in bankruptcy in bad faith. *See, e.g.,* **Feist v. Consolidated Freightways Corp.**, 100 F.Supp.2d 273, 280 (E.D. Pa. 1999) (denying motion to substitute due to plaintiff's bad faith in filing case in his own name). However, courts using Fed. R. Civ. P. 17(a) to fashion equitable relief, as in cases of judicial estoppel, also may consider less drastic alternatives than dismissal to prevent injustice, including injustice to creditors in bankruptcy. **Weiburg v. GTE Southwest, Inc.**, 272 F.3d 302, 309 (5th Cir. 2001).

**Killmeyer**, 817 F.Supp.2d at 690. Thus, the court allowed the trustee to be substituted for the debtor plaintiff. In addition, the court held that the trustee was not estopped from asserting the claim, despite the debtor's failure to disclose the claim during the pendency of the bankruptcy proceedings, explaining that: "The trustee and plaintiff's creditors should not be denied the benefit of a cause of action, and potential recovery, due to plaintiff's failure to

---

[7] Rule 17(a)(3) of the Federal Rules of Civil Procedure provides:

> Joinder of the Real Party in Interest. The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

disclose." *Id.* at 691. In this case, the trial court granted the Trustee's motion to intervene or in the alternative, for substitution, and neither of the Appellees have assigned the trial court's action in allowing the Trustee to intervene/be substituted as error on appeal. Thus, any issue regarding whether there was a bona fide mistake as a condition precedent to allowing substitution/intervention is not before this Court. *See* Tenn. R. App. P. 13(b) ("Review will generally only extend to those issues presented for review."). In addition, neither Appellee argues that the Trustee is judicially estopped from asserting this claim due to Ms. Lane's failure to disclose the claim in the bankruptcy proceedings. Thus, the only remaining question is whether some other law operates to bar the Trustee's Intervening Complaint from relating back to Ms. Lane's original complaint "as if the action had been commenced in the name of the real party in interest" initially. Tenn. R. Civ. P. 17.01.

In addition to the requirements of Rule 17.01, a party must also satisfy the requirements of Rule 15.03 of the Tennessee Rules of Civil Procedure, which governs relation back of amendments. *See Duffer*, 2012 WL 3104903, at *7 (noting the interplay between Rule 17.01 and Rule 15.03). Rule 15.03 states:

> Whenever the claim or defense asserted in amended pleadings arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party or the naming of the party by or against whom a claim is asserted relates back if the foregoing provision is satisfied and if, within the period provided by law for commencing an action or within 120 days after commencement of the action, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

This Court in *Osborne Enterprises, Inc. v. City of Chattanooga*, 561 S.W.2d 160 (Tenn. Ct. App. 1977), discussed the application of Rule 15.03 specifically with regard to a change in the party asserting the claim:

> The three primary considerations . . . in determining whether an amendment seeking to add or substitute a new party plaintiff would be allowed to relate back . . . to the date of the original pleading so as to avoid the statute of limitations, have

-14-

been (1) whether the defendant received adequate notice of the claim against him; (2) whether the relation back of such an amendment would unfairly prejudice the defendant; and (3) whether there is an "identity of interest" between the original party plaintiff and the new party plaintiff. . . . "In determining whether the adversary has had fair notice, the usual emphasis of 'conduct, transaction or occurrence' is on the operational facts which give rise to a claim by a particular party based on any one or all of the theories conjured up, whether timely or belatedly. But when it comes to a late effort to introduce a new party, something else is added. Not only must the adversary have notice about the operational facts, but it must have had fair notice that a legal claim existed in, and was in effect being asserted by, the party belatedly brought in. This becomes of special importance in situations in which a common set of operational facts gives rise to distinct claims (or defenses) among distinct claimants (or defendants)."

* * *

Once the defendant has fair notice from the original pleadings that the new party's claim is also involved, then the defendant has suffered no prejudice.

*Id.* at 164 (citing ***Williams v. United States***, 405 F.2d 234, 236–38 (5th Cir. 1968)). Based on these considerations, the Court in ***Osborne*** concluded that an amendment to name the real party in interest as the plaintiff could relate back to the original commencement of the action for purposes of the statute of limitations. ***Osborne***, 561 S.W.2d at 164. The Court explained:

Here, the plaintiffs' original complaint sufficiently identifies the property allegedly damaged by defendants so as to prevent any unfair prejudice to the defendants in bringing in the new plaintiff who had record title to the land. The theories of recovery, the type and extent of damage occurring and the type of recovery sought are clearly apparent from the complaint. There is a definite identity of interest between the original plaintiff and the new plaintiff in that East Ridge is pled to be a wholly owned subsidiary of Osborne. Consequently, the three primary considerations in determining whether the amended

-15-

complaint relates back to the original complaint have been sufficiently satisfied to allow the amendment. Although the defendant must now defend a claim which was thought the mere passage of time had barred, statutes of limitations do not afford such an automatic insulation from suit by such a mechanical procedure.

*Id.* In a more recent case applying the same principle, ***Biscan v. Brown***, No. M2001-02766-COA-R3-CV, 2003 WL 22955933 (Tenn. Ct. App. Dec. 15, 2003), *aff'd,* 160 S.W.3d 462 (Tenn. 2005),[8] this Court stated that:

> The essential requirement is that the defendant not only have notice about the operational facts but also "must have had fair notice that a legal claim existed in, and was in effect being asserted by" the plaintiff belatedly brought in. ***Braswell*** [***v. Carothers***], 863 S.W.2d [722,] 726 [(Tenn. Ct. App. 1993)]. The existence of fair notice from the original complaint that the newly-added plaintiff's claim is involved ensures that the defendants suffer no prejudice from the amendment. *Id.* at 727. Prejudice is the key consideration.

***Biscan***, 2003 WL 22955933, at *4.

Applying the above principles to the case-at-bar, we must conclude that the trial court erred in concluding that the Trustee's Intervening Complaint could not relate back to the original filing of Ms. Lane's complaint. First, the operative facts in the Trustee's complaint are identical to the operative facts in Ms. Lane's complaint. Indeed, the Trustee's complaint merely adopts and incorporates the allegations contained in Ms. Lane's original complaint. The question is thus whether having notice of the claim asserted by Ms. Lane also put the Appellees on notice of the claim asserted by the Trustee. *See* ***Osborne***, 561 S.W.2d at 164 (requiring that the defendant have "fair notice that a legal claim existed in, and was in effect

---

[8] ***Biscan v. Brown*** was accepted by the Tennessee Supreme Court for certiorari on May 10, 2004. The Tennessee Supreme Court, however, limited its review to issues regarding the trial that occurred after the trial court allowed the substitution of the proper party plaintiff. *See* ***Biscan v. Brown***, 160 S.W.3d 462, 466 (Tenn. 2005) (affirming the decision of the Court of Appeals on other grounds). Specifically, the Tennessee Supreme Court considered "whether an adult who hosts a party for minors and knows in advance that alcohol will be consumed has or may voluntarily assume a duty of care towards the minor guests." *Id.* Thus, the Tennessee Supreme Court did not disturb the Court of Appeals' holding on the threshold issue of whether substitution of the real party in interest as the plaintiff was appropriate, despite the expiration of the statute of limitations. Consequently, the ***Biscan*** Court of Appeals opinion remains good law on this issue.

-16-

being asserted by, the party belatedly brought in."). The situation in this case is similar to the situation in ***Braswell v. Carothers***, 863 S.W.2d 722 (Tenn. App. 1993). The ***Braswell*** Court focused on the question of whether the defendants had "fair notice from the original pleadings that the new parties' ***claim*** is also involved." ***Id.*** at 727 (emphasis added). The Court noted the fact that the "operational facts in the original complaint are identical to those in the amended complaint." ***Id.*** Because the claim was identical in both the original complaint and the amended complaint, the ***Braswell*** Court held that the defendants were on notice of the new claim and that "defendants suffer[ed] no prejudice" from the substitution. ***Id.*** Likewise, in this case, the claim asserted by the Trustee is identical to the claim asserted by Ms. Lane; accordingly, the Appellees had fair notice of the ***claim*** being asserted at the time Ms. Lane filed and served her complaint.

Second, there is no indication that the Appellees in this case would in any way be prejudiced for having to defend an action prosecuted in the name of the Trustee, as opposed to Ms. Lane herself. In ***Biscan v. Brown***, the Court of Appeals likewise upheld a substitution, noting that the defendants failed to allege any prejudice that resulted from the substitution of the father in his individual capacity as the plaintiff in the case. ***Biscan***, 2003 WL 22955933, at *4. The Appellees in this case likewise failed to assert any specific prejudice in the substitution and intervention of the Trustee in this case. Regardless of who the real party in interest is in this case, the Appellees had notice, within the one-year personal injury statute of limitations, of a tort claim involving the alleged car accident that occurred on April 20, 2008. This is exactly the claim they will be required to defend if the Trustee is allowed to be substituted/intervene. Accordingly, there is no prejudice in allowing the case to proceed in the name of the Trustee.

Finally, we conclude that there is a sufficient "identity of interest" between Ms. Lane and the Trustee to allow substitution in this case. "[A]n identity of interest exists when the plaintiff sought to be added is so closely identified with the original plaintiff that permitting the new party to enter will not be prejudicial to the defendant." 61B Am. Jur. 2d Pleading § 831. In this case, the Trustee is the bankruptcy representative for Ms. Lane and nothing in the record suggests that permitting the Trustee to bring Ms. Lane's claim as the real party in interest will have any prejudicial effect on the Appellees. Other courts have held that the trustee, as the representative of the bankruptcy estate, has a sufficient identity of interest with his or her debtor that substitution should be allowed in a tort case. For example, in ***In re Engelbrecht***, 368 B.R. 898 (Bkrtcy. M.D. Fla. 2007), the Bankruptcy Court of the Middle District of Florida allowed the trustee to be substituted for the debtor in a personal injury action because "there is an exact identity of interests between the estate [which is represented by the trustee] and Debtor's pre-petition interests." ***Id.*** at 903; *see also* ***Wilson v. Zemba***, 896 A.2d 862, 865 (Conn. Super. Ct. 2004) (citing ***New York Evening Post Co. v. Chaloner***, 265 F. 204, 213 (2d Cir.), cert. dismissed, 252 U.S. 591, 40 S.Ct. 396, 64 L.Ed. 731 (1920)).

Accordingly, this criterion is also met.

Having determined that the Trustee and Ms. Lane have a sufficient identity of interest, the Appellees had fair notice of the claim asserted by the Trustee, and that the Appellees have asserted no prejudice resulting from the substitution of the Trustee as the real party in interest, we conclude that the trial court erred in concluding that the Trustee's Intervening Complaint should be dismissed as being filed outside the applicable statute of limitations. Instead, the Intervening Complaint filed by the Trustee, which substitutes the Trustee as the real party in interest, relates back to the date of filing of the original complaint in this case, i.e., April 8, 2009. Thus, this case was properly commenced within the applicable statute of limitations. Based on the foregoing, the judgment of the Circuit Court of Shelby Court is reversed and this cause is remanded to the trial court for all further proceedings as may be necessary and are consistent with this opinion. Costs of this appeal are assessed to Appellees Daniel J. Lund and State Farm Mutual Insurance Company, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE